ROBERT C. WIEDMAIER AND IRENE O. WIEDMAIER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wiedmaier v. Commissioner
Docket No. 7930-82.
United States Tax Court
T.C. Memo 1984-540; 1984 Tax Ct. Memo LEXIS 130; 48 T.C.M. (CCH) 1350; T.C.M. (RIA) 84540; October 9, 1984. Jack M. Schultz and Thomas H. Bergh, for the petitioners. Joseph R. Goeke and Richard E. Trogolo, for the respondent. DAWSON MEMORANDUM OPINION DAWSON, Chief Judge:* Respondent determined the following deficiencies in petitioners' Federal income tax: Year
Deficiency
1978
$2,272
1979
2,004
1980
4,233
The only issue presented for decision is whether the retirement allowance received by petitioner Robert C. Wiedmaier in 1978, 1979 and 1980 is excludible from petitioners' gross income. This case [1] was submitted fully stipulated pursuant to Rule 122. [2] The stipulation of facts and joint exhibits are incorporated herein by this reference. The pertinent facts are summarized below. *132 Robert C. and Irene O. Wiedmaier [3] (petitioners), husband and wife, were legal residents of Harrisonville, Michigan at the time they filed their petition in this case. Petitioners filed timely joint Federal income tax returns for 1978, 1979 and 1980 with the Internal Revenue Service Center in Covington, Kentucky. On February 11, 1953, petitioner began working for the City of Detroit as a firefighter, at which time he became a participant in the City of Detroit Policemen and Firemen Retirement Systen (hereinafter Retirement System), which is included within the Charter of the City of Detroit. The Retirement System was adopted by the City of Detroit to provide retirement allowances and death benefits for policemen and firemen of the City of Detroit and their beneficiaries. [4] Pursuant to the provisions of the Retirement System, petitioner's creditable service with the City of Detroit did not begin until March 30, 1953. *133 On February 26, 1976, petitioner was injured in the course of his employment by the explosion of an air tank. His left arm was fractured and did not heal sufficiently to allow him to perform his job. Petitioner submitted an application for duty disability retirement. In support of his application he included material from the medical director of the City of Detroit.Pursuant to the provisions of Article VI, Part B, Section 1 of the Retirement System, this application was approved by the Board of Trustees of the Retirement System, effective June 6, 1977. Petitioner had not yet completed twenty-five years of service and therefore was subject to Article VI, Part B, Section 2(a) of the Retirement System. This section provided that petitioner would receive a disability benefit of sixty-six and two-thirds percent of his final compensation. His monthly benefit payment was $1,162.67. Petitioner did not report these payments as taxable income. Respondent does not contest petitioner's treatment of these payments. On November 21, 1977, in anticipation of petitioner's completion of twenty-five years of creditable service, he was notified that his benefits were to be reduced *134 to equal fifty percent of his average final compensation pursuant to Article VI, Part B, Section 1 and Section 2(b), and Article VI, Part A, Section 2(b) of the Retirement System. Petitioner had to complete a new application for this "reduced disability allowance," which was computed in the same mannner as if it were a regular retirementallowance. Petitioner's monthly benefit was reduced to $687.95, effective March 30, 1978. As a result of this recomputation, petitioner received $6,191.55 in 1978, [5] $8,255.40 in 1979, and $14,519.37 in 1980. All monies were issued to petitioner by the Detroit Pension Board. Petitioners excluded these amounts from their gross income in computing their tax liability for those years. The parties agree that the initial payments for duty disability retirement received by petitioner until March 30, 1978 are excludible from gross income pursuant to section 104(a)(1). [6] The parties disagree, however, as to whether the payments received thereafter (during the remainder of 1978, and 1978 and 1980) are also excludible. *135 Petitioner contends that when he was approved for disability retirement under Article VI, Part B, Section 1 of the Retirement System [7] due to his service-connected injury, all resulting payments pursuant to Article VI, Part B, Section 2(a), of the Retirement System were in the nature of worker's compensation payments and hence excludible from his gross income. *136 Respondent contends that once petitioner completion twenty-five years of creditable service, his duty disability retirement terminated. Respondent notes that petitioner had to complete a new application for a "reduced disability allowance" under Article VI, Part B, Section 2(a) [8] and Article VI, Part B, section 2(b), of the Retirement System. [9] Petitioner's payments were then computed under the normal retirement provisions [10] and reduced to equal fifty percent of his average final compensation. [11] Respondent maintains that since petitioner's payments were recomputed as normal retirement benefits based upon his years of service, the recomputed payments are in reality pension benefits and are includible in petitioner's gross income. *137 Section 104(a)(1) [12] excludes from gross income amounts received under workmen's compensation acts as compensation for personal injuries or sickness. Respondent's regulations interpret section 104(a)(1) as applying to amounts received "under a statute in the nature of a workmen's compensation act which provides compensation to employees for personal injuries or sickness incurred in the course of employment." Section 1.104-1(b), Income Tax Regs.
Exclusions from gross income are limited by section 1.104-1(b), Income Tax Regs. which provides in part that: [S]ection 104(a)(1) does not apply to a retirement pension or annuity to the extent that it is determined by reference to the employee's age or length of service, or the employee's prior contributions, even though the employee's retirement is occasioned *138 by an occupational injury or sickness. * * * Whether the applicable provisions of the Retirement System constitute a workmen's compensation statute is a question of fact. See Frye v. United States,72 F. Supp. 405 (D.D.C. 1947). Section 1.104-1(b), Income Tax Regs., states clearly that if payments are determined by reference to one's years of service then the payments are not excluded from gross income. This mandate applies even in situations like that in the case before us where the employee's retirement is occasioned by an occupational injury. Sec. 1.104-1(b), Income Tax Regs.
Petitioner was injured in the course of his employment and applied for duty disability retirement. He submitted supporting materials from the Retirement System's medical director. He was approved for duty disability payments based upon his disability. These benefits are clearly excludible under section 104(a)(1). [13]
*139 In contrast, when petitionercompleted twenty-five years of service his payments were then computed under the provisions for a normal retirement allowance. His retirement payments would have remained the same regardless of whether he had suffered any disability because they were computed only with reference to his length of service. See Haar v. Commissioner,78 T.C. 864 (1982), affd. 709 F.2d 1206 (8th Cir. 1983). In addition, petitioner's contention that we characterize as compensation for personal injury or sickness all retirement payments received by Detroit fire fighters who took disability retirement prior to completing twenty-five years of creditable service is contrary to the basic purpose of section 104(a)(1) which, as petitioner himself notes, is to prevent retirement payments from being excluded from income because they were disguised as disability payments. See e.g., McDonald v. Commissioner,33 T.C. 540 (1959); Brown v. Commissioner,25 T.C. 220 (1955). Therefore, we hold that what petitioner's Retirement System has labelled a "reduced disability allowance" that is computed with reference only *140 to petitioner's length of service is in reality a pension benefit and is includible in petitioner's gross income. Alternatively petitioner argues that section 1.104-1(b), Income Tax Regs., is invalid. He contends that section 1.104-1(b), Income Tax Regs., is unreasonable and plainly inconsistent with the statute because it precludes an exclusion under section 104(a)(1)for any payment computed under a pension provision that makes reference to age or years of service. We cannot agree. Regulations are issued by the Treasury Department pursuant to the authority delegated by section 7805. While such regulations are not controlling, they must be sustained "unless unreasonable and plainly inconsistent with the revenue statutes." Commissioner v. South Texas Lumber Co.,333 U.S. 496, 501 (1948); Edward L. Stephenson Trust v. Commissioner,81 T.C. 283, 287 (1983). Section 1.104-1(b), Income Tax Regs., is not unreasonable or "plainly inconsistent" with section 104(a)(1). Section 104(a)(1) excludes disability payments, not pension payments from income. Section 1.104-1(b), Income Tax Regs., acts to prevent pension payments that are disguised *141 as disability payments from being excluded under section 104(a)(1). If a retirement provision is meant to compensate employees for their disability and not for their creditable service, then payments are computed with regard to the injured employee's disability, not with regard to the number of years that the employee has worked for the organization. See Dyer v. Commissioner,71 T.C. 560 (1979). Otherwise, the payments received serve to retire a veteran employee and to reward him for his years ofservice, instead of compensating him for a service-connected disability. To reflect the foregoing, Decision will be entered for respondent.
Footnotes
*. By order of the Chief Judge, this case was reassigned from Judge Herbert L. Chabot to Chief Judge Howard A. Dawson, Jr.↩ for disposition.
1. Petitioners originally filed their petition with this Court requesting that this case be heard as a small tax case. Thereafter, respondent filed a motion to remove the small tax case designation. This motion was granted on May 21, 1982. ↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. With respect to the items at issue herein, Irene O. Wiedmaier is a petitioner only because she filed a joint return with her husband. References to petitioner are intended to refer to Robert C. Wiedmaier.↩
4. Under the Michigan Workers' Disability Compensation Act (MWDCA) when city employees elect benefits under the municipal charter, they are excluded from coverage under the MWDCA.↩
5. This payment does not include the $1,162.67 monthly benefit payment received by petitioner through March 1978.↩
6. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
7. Article VI, Part B, Section 1 provides: B--TOTAL DISABILITY PENSION AND RETIREMENT ALLOWANCES. SEC. 1. DUTY DISABILITY. If a member shall become totally incapacitated for duty by reason of injury, illness or disease resulting from performance of duty and if the Board of Trustees shall find such injury, illness or disease to have resulted from the performance of duty, on written application to the Board of Trustees by or on behalf of such member or by the head of his Department such member shall be retired; provided, the Medical Director, after examination of such member, shall certify to the Board of Trustees his total incapacity. If said member was separated from service after the filing of the written application, and he had attained 25 years or more of service prior to the date of separation, the Board of Trustees shall retire said member, under this Part B.↩
8. Article VI, Part B, Section 2(a) provides: SEC. 2. BENEFITS. A member * * * retired under Section 1 above shall receive the following benefits: (a) if such member shall not at the time of his retirement have a total of twenty-five years of creditable service, he shall receive a disability pension of sixty-six and two third per cent of his final compensation at the time of his retirement. ↩
9. Article VI, Part B, section 2(b) provides: (b) If such member, at the time of his retirement, shall have a total of twenty-five years or more of creditable service or on the expiration of the period when a member retired and receiving benefits under (a) above would have such total had he continued in active service, he shall receive a reduced disability allowance computed in the same manner as the allowance provided in Part A of this Article with optional benefits as provided in Part H of this Article. ↩
10. Petitioner's payments were determined by reference to Article VI, Part A, Section 2 which provides: SEC. 2. AMOUNT OF ALLOWANCE. Upon his retirement from service, a member * * * shall receive a straight life retirement allowance which shall consist of the benefits provided in paragraphs (a) and (b) below * * * (a) An annuity which shall be the actuarial equivalent of his accumulated contributions standing to his credit in the Annuity Savings Fund at the time of his retirement; and (b) A pension, which when added to his annuity, will provide a straight life retirement allowance equal to two per cent of his average final compensation, multiplied by the number of years, and fraction of a year, of his creditable service, not to exceed twenty-five years; * * * ↩
11. Average final compensation is defined in Article II, Section 14(a) as follows: Sec. 14. (a) With respect to a member * * * "average final compensation" shall mean the average, earnable compensation of a member for service as a Policeman or Fireman during his last five years of service; or if he has less than five years' service, then his average final earnable compensation during his total years of service; provided further, that the preceding shall be based on the annual rate of earnable compensation of a member on the rank and/or ranks held during the five year period selected as fixed by the budget for said rank or ranks at the time of termination of the member's employment.↩
12. Section 104(a)(1) provides: (a) IN GENERAL.--Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include-- (1) amounts received under workmen's compensation acts as compensation for personal injuries or sickness;↩
13. Due to agreement of the parties, we need not decide the tax treatment of the payments received by petitioner prior to his completing twenty-five years of service. However, we view these payments as presenting an opportunity to show a contrast between benefits that are excludible under section 104(a)(1) and those that are not. See also Rev. Rul. 80-14, 1980-1 C.B. 33↩.