Robert C. **WIEDMAIER**; Irene O. Wiedmaier, Petitioners-Appellants,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 84–1774.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 23, 1985.

Decided Sept. 26, 1985.

Jack M. Schultz, Thomas H. Bergh, argued, Plotkin, Yolles, Siegel, Schultz & Polk, P.C., Southfield, Mich., for petitioners-appellants.

Fred. T. Goldberg, Jr., Chief Counsel, I.R.S., Glen L. Archer, Jr., Michael L. Paup, Asst. Attys. Gen., Dept. of Justice, Tax Div., Jonathan S. Cohen, John P. Griffin, argued, Washington, D.C., for respondent-appellee.

Before MARTIN and CONTIE, Circuit Judges, and HOGAN, Senior District Judge.*

PER CURIAM.

Robert and Irene Wiedmaier appeal the decision of the Tax Court, 48 T.C.M. (CCH) 1350 (1984), finding deficiencies in their income taxes for 1978, 1979, and 1980 in the respective amounts of $2,272, $2,004, and $4,223. We affirm.

In 1953, Robert Wiedmaier began working for the City of Detroit as a fireman. On February 26, 1976, Wiedmaier was injured in the course of his employment by the explosion of an air tank. His left arm was fractured, and he was no longer able to perform his duties as a fireman. Wiedmaier therefore applied for duty disability retirement, and because he had not yet completed twenty-five years of service,[1] he became eligible for a duty disability retirement benefit of two-thirds of his final compensation. As a result, Wiedmaier received a monthly benefit of $1,162.67, which was not taxable pursuant to I.R.C. § 104(a)(1).

---

\* Honorable Timothy S. Hogan, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

1. If Wiedmaier had attained twenty-five years of service, he simply would have been retired.

2. I.R.C. § 104(a)(1) states:

On November 21, 1977, in anticipation of Wiedmaier's completion of twenty-five years of creditable service, he was notified that his benefits were to be reduced to fifty percent of his average final compensation. This reduction was required by Article VI, Part B, Section 2(b) of the Detroit Policeman and Firemen Retirement System, which provides:

A member ... retired [due to disability] shall receive the following benefits:

(b) If such member, at the time of his retirement, shall have a total of twenty-five years or more of creditable service or *on the expiration of the period when a member retired and receiving benefits under (a) above would have such total had he continued in active service, he shall receive a reduced disability allowance computed in the same manner as the allowance provided in Part A of this Article* with optional benefits as provided in Part H of this Article.

(emphasis added). Under Part A of Article VI, which provides for the regular retirement allowance, Wiedmaier was entitled to receive a reduced disability allowance of two percent of his average final compensation times twenty-five years in service. Thus, Wiedmaier received fifty percent of his average final compensation so that he received $6,191.55 in 1978, $8,255.40 in 1979, and $14,519.37 in 1980. Wiedmaier excluded these amounts from his gross income.

In this appeal, Wiedmaier contends that the amounts he received as a reduced disability allowance should be excluded from gross income under I.R.C. § 104(a)(1)[2] as benefits in the nature of workmen's compensation. The Tax Court, in a thorough

---

(a) *In general.*—Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include—
(1) amounts received under workmen's compensation acts as compensation for personal injuries or sickness....

and well-reasoned opinion, rejected this contention. Because the Tax Court's opinion clearly delineates the issues and discusses them carefully, we will only touch upon the highlights of the Tax Court's ruling.

Treas.Reg. § 1.104(b) specifically contemplates the type of situation presented here. It states, in relevant part, that the exclusion of I.R.C. § 104(a)(1) "does not apply to a retirement pension ... to the extent that it is determined by reference to the employee's age or length of service ... even though the employee's retirement is occasioned by an occupational injury or sickness." The clear purpose of the regulation is to distinguish between benefits that are intended to compensate an employee for lost earning capacity due to an injury, i.e., those benefits that are deductible under section 104(a)(1), and those benefits that are simply a retirement pension in consideration for past services. Once Wiedmaier had reached twenty-five years of creditable service, the benefits he received were clearly nothing more than a retirement allowance. They were calculated the same way as the retirement benefits of a fireman who had retired after twenty-five years of service without injury, and they were in no way related to the scope of his injury. Thus, Wiedmaier's reduced disability allowance was not excludable from income pursuant to Treas.Reg. § 1.104(b).

Wiedmaier's argument that Treas.Reg. § 1.104(b) is "unreasonable and plainly inconsistent" with section 104(a)(1), see *Commissioner v. South Texas Lumber Co.*, 333 U.S. 496, 501, 68 S.Ct. 695, 698–99, 92 L.Ed. 831 (1948), is unavailing. Section 104(a)(1) is designed to exclude disability payments, not pension payments, from income. Treas.Reg. § 1.104(b) simply identifies what is a pension payment and distinguishes it from a disability payment. Thus, the regulation is plainly consistent with the statutory framework.

The decision of the Tax Court is affirmed.