■ BERNARD FLATON et al., Respondents, v RALPH G. CASO, as County Executive of the County of Nassau, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel appellants to permit the public to be heard on any matter, statement or announcement after the adjournment of any regular or special meeting of the board of supervisors, the appeal is from a judgment of the Supreme Court, Nassau County, entered May 11, 1976, which (1) granted the petition and (2) ordered appellants to permit the public to be heard after the adjournment of any regular or special meeting of the board of supervisors. (The opinion of Special Term indicated that the public should be heard by the "full Board".) Judgment modified, on the law, by adding thereto a provision that the entire board of supervisors may choose to remain seated after the meeting has been adjourned to hear members of the public, or that it may permit or designate one or more of its members to remain for that purpose. As so modified, judgment affirmed, without costs or disbursements. No fact findings have been presented for review. Rule 16 of the board of supervisors, as amended by Nassau County Resolution No. 10—1966, provides, *inter alia,* that "The public shall be entitled to be heard on any item appearing on the calendar as such item is called by the Clerk of the Board of Supervisors and on any other matter, statement or announcement after the adjournment of the meeting". Appellants have indicated that it is their intention that the postadjournment sessions referred to shall not require the presence of the full board, or of a quorum thereof, but that the board "may choose to remain seated as an entire body * * * or it may permit or designate one or more of its members to remain in session". This is a rational interpretation of rule 16 and should not be disturbed by the judicial arm of the government. Gulotta, P. J., Hopkins, Latham, Shapiro and Hawkins, JJ., concur. [86 Misc 2d 695.]

■ BERNARD FRIED, Appellant, v E. W. LANGS et al., Respondents.—In an action *inter alia* to recover damages for breach of a confidential relationship, plaintiff appeals from an order of the Supreme Court, Nassau County, entered May 26, 1976, which, *inter alia,* denied his motion to strike defendants' answer. Order affirmed, without costs or disbursements. The order appealed from was properly made. Martuscello, Acting P. J., Latham, Cohalan, Margett and Shapiro, JJ., concur.