BERNARD FRIED AND RUTH FRIED, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fried v. Commissioner
Docket No. 44804-85.
United States Tax Court
T.C. Memo 1987-236; 1987 Tax Ct. Memo LEXIS 236; 53 T.C.M. (CCH) 791; T.C.M. (RIA) 87236; May 6, 1987. Bernard Fried, pro se. Drew Levitt, for the respondent. WOLFE
MEMORANDUM FINDINGS OF FACT AND OPINION WOLFE, Special Trial Judge: Respondent determined a deficiency of $311 in petitioners' 1982 Federal income tax. [1]
*238 The issue for decision is whether petitioners are entitled to exclude certain disability payments from gross income. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in Mineola, New York when they filed their petition herein. Bernard Fried (petitioner) was 70 years of age during 1982, the year at issue. Petitioner was a Fire Telegraph Dispatcher with the New York City Fire Department (Fire Department). In 1968, the Fire Department filed an application for petitioner's Ordinary Disability Retirement in accordance with section B3-39.0 of the Administrative Code of the City of New York. This provision authorizes the retirement of an individual with 10 or more years of city service for ordinary disability if a medical board determines that he is physically or mentally incapacitated for the performance of duty. On June 20, 1968, the Medical Board of the New York City Employees' Retirement System certified that petitioner was incapacitated for the performance of his duties with the Fire Department. In accordance with section B3-39.0, petitioner's Ordinary *239 Disability Retirement became effective May 26, 1968. In 1971, under the New York City Employees' Retirement System, petitioner was awarded an annual retirement allowance of $1,689.96 which, after a cost of living adjustment, was raised to $2,107.07. Petitioners did not report any part of this annual retirement allowance on their 1982 income tax return. In the deficiency notice, respondent increased petitioners' income by $2,107 to reflect petitioner's receipt of the retirement allowance. OPINION Respondent contends that petitioner's annual retirement allowance must be included in gross income. Section 61(a)(11) states the general rule that gross income includes pensions. Income from disability pensions may be excluded from gross income if such income satisfies specific requirements, set forth in either section 104 or section 105. Section 104(a)(1) and section 1.104-1(b), Income Tax Regs., provide for the exclusion from gross income of amounts received under a workmen's compensation act or under a statute in the nature of a workmen's compensation act. A statute is not in the nature of a workmen's compensation act if it allows for disability payments for reasons other than *240 work-related disabilities. Rutter v. Commissioner,760 F.2d 466, 468 (2d Cir. 1985), affg. per curiam a Memorandum Opinion of this Court; Haar v. Commissioner,78 T.C. 864, 868 (1982), affd. per curiam 709 F.2d 1206 (8th Cir. 1983). Section B3-39.0 of the Administrative Code of the City of New York does not restrict disability payments to cases of work-related disabilities. Even if petitioner could have shown that he received the disability payments as the result of a work-related injury, these payments would not be excludable under section 104(a)(1). Section 105(d) provides a limited exclusion from gross income for amounts which "constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of permanent and total disability." Section 105(d) is applicable only if the taxpayer, (1) has not attained age 65 before the end of the taxable year and (2) was permanently and totally disabled when he retired. [2] A disability is permanent and total if it causes the taxpayer to be "unable to engage in any substantial gainful activity." Sec. 105(d)(4). *241 Petitioner was over 65 during the year at issue. Also, petitioner denies that he was disabled at any time. Petitioner testified that since his retirement he has held a full-time job and part-time jobs. The provisions of section 105(d) for the exclusion of receipts from gross income do not apply. Petitioner's argument is that his retirement was wrongfully imposed upon him. He claims that he has rejected the pension and never considered it income. Petitioner has unsuccessfully challenged the validity of his retirement in the state courts. [3]
Petitioner *242 acknowledged that he received the pension checks and that he endorsed them to his wife who then deposited them in her account and in an account for a trust for petitioner's daughter. Petitioner further testified that his wife has been able to make use of the funds "for an emergency." Petitioner's own testimony establishes that the pension payments here in issue were "accessions to wealth, clearly realized, and over which the taxpayers have complete dominion." Commissioner v. Glenshaw Glass Co.,348 U.S. 426, 431 (1955). See James v. United States,366 U.S. 213, 219-220 (1961). Accordingly, petitioner must include his annual retirement allowance in gross income. Decision will be entered for the respondent.
Footnotes
1. This case was assigned pursuant to section 7456 (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rule 180. All section references are to the Internal Revenue Code of 1954, as amended, and as in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. A taxpayer who is retired on disability before January 1, 1977, may show that he was permanently and totally disabled on January 1, 1976 or January 1, 1977. Sec. 505(c), Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1520, 1567-1568 (as amended by sec. 301(b), Tax Reduction and Simplification Act of 1977, Pub. L. 95-30, 91 Stat. 126, 151). See Pearson v. Commissioner,76 T.C. 701, 705↩ (1981). The exclusion provided by section 105(d) was repealed for taxable years beginning after December 31, 1983.
3. See, e.g., Fried v. Bower & Gardner,46 N.Y. 2d 765, 386 N.E. 2d 258, 413 N.Y.S. 2d 650 (1978), affg. 60 A.D. 2d 824, 401 N.Y.S. 2d 223 (1978); Fried v. Langs,54 A.D. 2d 752, 387 N.Y.S. 2d 995 (1976). By order filed February 9, 1987, the Supreme Court of New York, County of New York, enjoined petitioner from instituting any further State and Federal action relating to the circumstances surrounding his retirement and to events arising out of his litigation over his retirement. On March 5, 1987, petitioner filed an appeal challenging the constitutionality of the injunction.↩