DANIEL S. AND EMMA F. HAAR, PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 11431–81.     Filed May 26, 1982.

Daniel S. Haar, pro se.
*Dale P. Kensinger*, for the respondent.

WHITAKER, *Judge*: Respondent determined deficiencies in petitioners' Federal income tax and additions to tax in the following amounts:

| Year | Deficiency | Addition to tax sec. 6653(a)[1] |
|------|-----------|---------------------------------|
| 1976 | $364.97 | $18.24 |
| 1977 | 2,650.37 | 132.51 |
| 1978 | 2,948.18 | 147.41 |
| 1979 | 2,988.00 | 149.40 |

Due to concessions, the sole issue is whether petitioners were entitled to exclude from income amounts Mr. Haar received from the Civil Service Retirement and Disability Fund.

### FINDINGS OF FACT

The stipulation of facts and exhibits attached thereto are incorporated herein by reference.

Daniel S. Haar (hereinafter petitioner) and Emma F. Haar, husband and wife, resided in Kansas City, Mo., when they filed

---

[1]Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954 as amended.

their petition in this case. They filed joint Federal income tax returns for 1976, 1977, 1978, and 1979.

Petitioner served in the U.S. Air Force from December 8, 1941, until February 6, 1946. Although he had a hearing disability caused by a war injury, his discharge was not due to the disability and he did not receive any disability compensation from the Veterans' Administration on account of the disability.

In 1950, the General Services Administration (hereinafter GSA) hired petitioner as an auditor. Petitioner continued his employment with GSA until he retired on disability on June 19, 1974.

On June 13, 1973, GSA directed petitioner to take a medical examination to determine his fitness for duty in his regular position. The medical examination, conducted on July 31, 1973, showed that petitioner was totally unable to perform his duties as a GSA auditor because of a hearing disability. On June 19, 1974, petitioner was retired from GSA on account of his total disability to serve as a GSA auditor because of his hearing problem.

Since his retirement, petitioner has been unable to hear normal conversations because of his hearing disability. Despite his disability, petitioner was employed as an auditor by the city of Kansas City, Mo., in 1977, 1978, and 1979.

The following annuity payments were paid to petitioner from the Civil Service Retirement and Disability Fund (hereinafter the fund) in the years 1974 through 1979:

| Year | Amount | Year | Amount |
|------|--------|------|--------|
| 1974 | $3,990.33 | 1977 | $11,211 |
| 1975 | 9,770.00 | 1978 | 12,054 |
| 1976 | 10,566.00 | 1979 | 13,158 |

On his 1974 and 1975 income tax returns, petitioner excluded from income $100 per week with respect to amounts paid from the fund. In 1976 through 1979, he did not report on his income tax returns any portion of the payments from the fund.

It has been stipulated that petitioner contributed a total of $14,985 to the fund, that he has not excluded from income the payments attributable to his contributions, and that he is entitled to recover his contributions if the payments are not otherwise excludable from income.

On September 13, 1973, petitioner reopened his claim for disability compensation from the Veterans' Administration. The Veterans' Administration determined that petitioner had defective hearing of the left ear that was service connected from April 1, 1946, but that the hearing defect was not disabling to a compensable degree. Accordingly, petitioner has never received any payment from the Veterans' Administration because of his hearing disability.

## OPINION

During the years in issue, section 104(a)(4) provided that gross income does not include "amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country or in the Coast and Geodetic Survey or the Public Health Service."[2] Petitioner argues that section 104(a)(4) should be interpreted as allowing the exclusion from gross income of any amounts paid to a taxpayer under a disability retirement plan, military or otherwise, so long as the disability is a service-incurred injury. Consistent with the position announced in Rev. Rul. 77–318, 1977–2 C.B. 45, respondent argues that section 104(a)(4) does not apply here because amounts paid to petitioner were not paid *because of* a disability incurred while serving in the military. We agree with respondent.

No case has previously considered whether section 104(a)(4) can be applied to exclude from income payments made to persons who retire from nonmilitary employment. Although the ambiguous wording of section 104(a)(4) provides some superficial support for petitioner's position, this is overshadowed by the fact that the Civil Service Retirement Act, 5 U.S.C. sec. 8331 et seq., is not designed to provide compensation for military injuries. 5 U.S.C. sec. 8331(6) defines "disability" to mean the total disability for useful and efficient service in the grade or class of position last occupied by the employee, because of disease or injury. Under this provision, the nature or cause of the disability is irrelevant; all that is taken into

---

[2]For purposes of simplifying the opinion, we refer collectively to the armed forces, the Coast and Geodetic Survey (now called the National Oceanographic and Aeronautical Administration), and the Public Health Service as the "military."

consideration is the employee's ability to perform his or her job. Thus, in determining eligibility for disability retirement and the amount of disability annuity payments, no consideration is given to whether the disease or injury arose from military service. Furthermore, under 5 U.S.C. sec. 8339(g), the amount of the disability retirement annuity is the smaller of (1) 40 percent of the employee's "average pay" (the average of the employee's annual pay rates for his or her highest 3 consecutive years), or (2) the amount computed under a formula based on average pay and years of service. The computation of the amount of annuities under a formula that does not consider the extent of injury strongly indicates that payments under the Civil Service Retirement Act are not compensation for particular injuries.[3] Cf. *United States v. Price*, 288 F.2d 448, 450 (4th Cir. 1961), in which the court pointed out that the Civil Service Retirement Act was designed not to compensate Government employees for particular injuries but to establish a comprehensive retirement program.

Because disability payments under the Civil Service Retirement Act are not paid for personal injuries or sickness incurred in military service, we conclude that section 104(a)(4) did not entitle petitioner to exclude the disability payments he received in the years in issue.[4]

Nor do we find any basis for allowing the exclusion of the payments in issue under section 104(a)(1) or 105(d). Section 104(a)(1) allows the exclusion from gross income of only those amounts that are paid pursuant to workers' compensation acts

---

[3]Compare this use of a formula that ignores the degree of injury with the use for military disability retirees of a formula that takes the extent of injury into account. Military disability retirement is available only if a disability was service incurred and the amount of disability pay is computed by using a formula that multiplies the monthly basic pay by either years of service or percentage of disability, whichever results in a larger amount. 10 U.S.C. secs. 1201, 1401. However, if years of service instead of percentage of disability is used in the computation, only the amount that would have been received had percentage of disability been used can be excluded from income under sec. 104(a)(4). 10 U.S.C. sec. 1403. Thus, military disability pay is designed, at least in part, as compensation for particular sicknesses or injuries incurred while in military service.

[4]Since we find that Civil Service disability retirement payments are not paid as compensation for injuries incurred in military service and are for that reason not excludable from income under sec. 104(a)(4), we do not reach the factual question of whether the hearing disability that forced petitioner to retire was actually a personal injury incurred while serving in the military.

or statutes in the nature of workers' compensation acts. A statute will not be considered akin to a workers' compensation act if it allows for disability payments for any reason other than on-the-job injuries. *Riley v. United States*, 140 Ct. Cl. 381, 156 F. Supp. 751 (1957). The Civil Service Retirement Act allows retirement on disability regardless of whether the disabling injury or disease was incurred on the job. Thus, section 104(a)(1) does not apply here.

For pre–1977 years, section 105(d) provided for the exclusion from gross income of amounts received under a wage continuation plan, that is, wages or payments in lieu of wages for a period during which the employee was absent from work on account of personal injuries or sickness, limited in amount to $100 per week. Respondent correctly allowed petitioner to exclude $5,200 under this provision for 1976, and this $5,200 exclusion is not in issue here. See *Brownholtz v. Commissioner*, 71 T.C. 332, 339 (1978).

Section 105(d) was substantially changed by the Tax Reform Act of 1976, Pub. L. 94–455, 90 Stat. 1520, 1566, section 505(a). For post–1976 years, section 105(d) now provides an exclusion from gross income for payments not in excess of $100 per week to a person who has retired on disability and who was permanently and totally disabled when he or she retired if the payments constitute wages or payments in lieu of wages for a period during which the employee "is absent from work because of the permanent and total disability." A person is permanently disabled only if the disability causes him to be unable to engage in any substantial gainful activity. Sec. 105(d)(4). Although petitioner retired from GSA because of a disability, this disability was certainly not a total disability. Petitioner's hearing deficiency disqualified him from certain jobs involving conversation with other persons, such as his job as a GSA auditor. However, he was still qualified to perform other jobs in which hearing was not such a crucial prerequisite. That petitioner was not totally disabled is attested to in this case by the fact that his defective hearing did not prevent him from obtaining employment as an auditor with the city of Kansas City, Mo., shortly after his retirement from GSA.

We conclude that none of the disability retirement payments received by petitioner in 1976 through 1979 are excludable from income under section 104(a)(1), 104(a)(4), or

105(d), except for the $5,200 excluded under section 105(d) in 1976. Thus, the $100 per week exclusion for post–1976 years does not apply because petitioner was not permanently and totally disabled. *Pearson v. Commissioner*, 76 T.C. 701 (1981). The parties have stipulated that petitioner is entitled to recover his contributions to the fund if respondent prevails, as he has, on the other exclusion questions. Therefore, the $14,985 petitioner contributed to the fund should be offset against the disability payments, starting with those received in 1977, the first year to which the section 105(d) exclusion was inapplicable.[5]

*Decision will be entered under Rule 155.*

---

[5]See *Brownholtz v. Commissioner*, 71 T.C. 332 (1978), in which we held that a taxpayer could not claim an exclusion under sec. 72(d) for recovery of his contribution to the fund in the same year he was claiming the "sick-pay" exclusion under the pre–1977 version of sec. 105(d).