AUGUST T. DAURIA AND MARY DAURIA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dauria v. Commissioner
Docket Nos. 2301-81, 12532-81.
United States Tax Court
T.C. Memo 1982-458; 1982 Tax Ct. Memo LEXIS 288; 44 T.C.M. (CCH) 741; T.C.M. (RIA) 82458; August 5, 1982. *289 Anthony D. Errico, for the petitioners. Rona Klein, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: For the calendar years 1977 and 1978, respondent determined deficiencies of income tax against petitioners in the respective amounts of $1,583.00 and $1,461.00. The issues for decision are: (a) whether the amounts of $6,369,00 and $6,849.00, received in the years 1977 and 1978 by petitioner August T. Dauria from the United States Civil Service Commission, are includable in his gross income for those years; (b) for the year 1977, whether petitioners are entitled to a deduction for medical expenses in the amount of $1,929.29, as claimed in their return; and (c) for the year 1977, whether petitioners are entitled to a deduction for charitable contributions in the amount of $730.00, as claimed in their return. [1]
*290 Pursuant to order of the Court these two cases were consolidated for trial, briefing and opinion. When the consolidated cases were called for trial, the parties filed a stipulation of facts together with attached exhibits, and the case was thereupon submitted without further trial. See Rule 122. FINDINGS OF FACT Petitioners August T. and Mary Dauria were residents of Ozone Park, New York, at the time of their filing of the petitions in this case. Petitioners duly and timely filed their joint Federal income tax returns for the calendar years 1977 and 1978. For some undetermined time prior to September 1963, petitioner August T. Dauria (hereinafter "petitioner") was a civilian employee for the Department of the Navy, working in a United States Naval Shipyard. On September 27, 1963, at the age of 43, petitioner sustained a job-related injury to his leg. As a result of the above injury, and pursuant to a timely filed claim under the Federal Employees Compensation Act, petitioner in April 1966 received an award of compensation from the United States Department of Labor, Bureau of Employees Compensation. Said award was based upon findings that petitioner had sustained personal *291 injury in the performance of his duties which resulted in permanent partial disability of his left leg. Petitioner was awarded the sum of $4,140.90 for the period from June 17, 1965 to April 13, 1966, and was further awarded the sum of $385.20 for each four week period between April 14, 1966 and November 2, 1966. Beginning in the year 1965, petitioner was granted and began to receive payments from the United States Civil Service Commission as disability retirement payments. During the years 1977 and 1978 petitioner received the respective amounts of $6,369 and $6,849 from this source. Said payments were computed by reference to petitioner's length of service and his pension contributions, which totaled $5,239.96, and said payments represented approximately 40 percent of what petitioner would have been eligible to receive if he had taken a normal retirement. The amounts received by petitioner from the Civil Service Commission, as above, were not reported in petitioners' joint income tax returns for 1977 and 1978. During 1977 and 1978 petitioner was employed full time as a bank vault attendant for Manufacturers Honover Trust Company in New York, and earned an annual salary *292 for such work in the amounts of $9,948 and $10,544 respectively. Petitioners reported such salary in their 1977 and 1978 returns. In their 1977 joint income tax return, petitioners claimed itemized deductions for medical expense in the amount of $1,929.92 and charitable deductions in the amount of $730. In his statutory notice of deficiency herein for the year 1977, respondent determined that the full amount of $6,369 received by petitioner from the Civil Service Commission was taxable to petitioners as ordinary income. As a result of this adjustment, respondent increased the excludable amount of petitioners' medical expenses from $367.56, as claimed in the return, to $558, and further disallowed deductions for medicine and drugs in the amount of $285, and medical expenses in the amount of $928, for lack of substantiation by petitioners. Respondent also disallowed $337 out of the total of $730 claimed by petitioners as charitable deductions as being unsubstantiated. In his statutory notice of deficiency for the year 1978, respondent determined that the $6,849 received by petitioner from the Civil Service Commission was reportable as ordinary income. OPINION Petitioner *293 appears to argue that the payments received by him from the Civil Service Commission in 1977 and 1978 were simply a continuation of the workmen's compensation payments which were awarded to him in 1966, and should therefore be treated as excludable from his income under the provisions of section 104(a)(1), Internal Revenue Code. [2] The relevant provisions of section 104(a) read as follows: (a) In General. - * * * gross income does not include - (1) amounts received under workmen's compensation acts as compensation for personal injuries or sickness; Petitioner's position herein has no merit, either as a matter of fact or as a matter of law. The stipulated facts herein, upon which our findings are based, show conclusively that petitioner's workmen's compensation award from the Department of Labor terminated not later than November 2, 1966. It is thus clear that petitioner received no payments from this source in 1977 or 1978. The record further established that petitioner began receiving a disability annuity *294 from the Civil Service Commission in 1965, and this was the soruce of the payments which he received in 1977 and 1978. It is further stipulated, and we have found, that the amount of payments which petitioner received from the Civil Service Commission were determined by reference to his age, length of service and contributions to the Civil Service Retirement Fund. Such payments so determined are not within the exclusion provided by section 104(a)(1). Haar v. Commissioner,78 T.C. 864 (1982), appeal pending (8th Cir); section 1.104-1(b), Income Tax Regs. The payments which petitioner received from the Civil Service Commission were in no sense a "continuation" of his workmen's compensation benefits, but were paid to him under an entirely different retirement and disability program. Petitioner also has no basis for the exclusion of any of his Civil Service payments received in 1977 and 1978 under the provisions of section 105(d). That subsection, as amended by the Tax Reform Act of 1976, Pub. L. 94-455, sec. 505(a), 90 Stat. 1566, and effective for taxable years beginning after December 31, 1976, Pub. L. 95-30, sec. 301(a), 91 Stat. 151, provides in relevant part: *295 (d) Certain disability payments. - (1) In general. - In the case of a taxpayer who - (A) has not attained age 65 before the close of the taxable year, and (B) retired on disability and, when he retired, was permanently and totally disabled, gross income does not include amounts referred to in subsection (a) if such amounts constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of permanent and total disability. (4) Permanent and total disability defined. - For purposes of this subsection, an individual is permanently and totally disabled if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. An individual shall not be considered to be permanently and totally disabled unless he furnishes proof of the existence thereof in such form and manner, and at such times, as the Secretary may require. The record herein establishes that petitioner August T. Dauria was employed full time as *296 a bank vault attendant at a New York bank in 1977 and 1978, earning in the neighborhood of $10,000 each year for these services. It is therefore obvious that he was not "permanently and totally disabled" within the meaning of the above-quoted statute, and accordingly is not entitled to exclude any benefits from income under section 105(d). Haar v. Commissioner,supra;sections 7.105-1(A-11) and 7.105-2, Temporary Income Tax Regs. See also Pearson v. Commissioner,76 T.C. 701 (1981), reviewing the background of the changes made to section 105(d) by the Tex Reform Act of 1976. Accordingly, on the issue of the payments received by petitioner from the Civil Service Commission in 1977 and 1978, we hold for respondent. Petitioner has also contested the partial disallowance by respondent of claimed deductions for medical expense and charitable contributions in 1977. In part, the adjustment for claimed medical deductions is an automatic adjustment resulting from respondent's determination with respect to petitioner's receipt of income from the Civil Service Commission, and it is controlled by our holding above herein. With respect to the remaining *297 claimed amounts of medical deductions, as well as the portion of the charitable contributions deduction which respondent disallowed, both such adjustments being based upon petitioner's lack of substantiation, petitioner has the burden of proof to show that respondent's determinations were erroneous. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioners offered no evidence at all with respect to these issues, and accordingly we must sustain respondent's determinations. Decision will be entered for the respondent.
Footnotes
1. Although petitioners' petition herein for the year 1977 did not formally raise the issue of charitable deductions, the parties, in their stipulations of fact, their opening statements at trial, and on brief, appeared to agree that this item is in issue and is properly before the Court, and we will so treat it, pursuant to Rule 41(b), Tax Court Rules of Practice and Procedure.↩ Unless otherwise indicated, all references to rules herein are to the Tax Court Rules of Practice and Procedure.
2. Except as otherwise indicated all statutory references herein are to the Internal Revenue Code of 1954, as in effect in the years in issue.↩