JOSEPH J. WARNAS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Warnas v. Commissioner
Docket No. 15008-81.
United States Tax Court
T.C. Memo 1982-692; 1982 Tax Ct. Memo LEXIS 57; 45 T.C.M. (CCH) 228; T.C.M. (RIA) 82692; November 29, 1982. Joseph J. Warnas, pro se. Greely S. Curtis, Jr., for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge John J. Pajak pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rule 180. [2] The Court agrees with and adopts the Special Trial *58 Judge's Opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: By notice of deficiency dated March 13, 1981, respondent determined a deficiency in petitioner's 1977 Federal income tax in the amount of $1,136.00. After concessions by both parties, the sole issue for decision is whether petitioner is entitled under section 105 to exclude certain disability pension payments from his gross income. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner Joseph J. Warnas (petitioner) resided in Lansdale, Pennsylvania, when his petition was filed in this case. His 1977 Federal return was filed with the Mid-Atlantic Service *59 Center of the Internal Revenue Service. On July 12, 1972, petitioner retired from the police force of the City of Philadelphia, at the age of 29, because of a non-service related disability. Petitioner did not work from the date of his retirement until the latter part of 1974. In November 1974, petitioner accepted employment with the Southeastern Pennsylvania Transportation Authority (SEPTA). Petitioner remained on SEPTA's payroll until December 30, 1977. Petitioner worked for approximately six months during 1977 and was paid a total of $7,851.50 in wages by SEPTA. During 1977, petitioner received a total of $3,066.00 in pension payments from the City of Philadelphia. This amount was not included on petitioner's 1977 return. Respondent determined that this amount was taxable under section 105(a). OPINION Petitioner contends that the pension payments received from the City of Philadelphia are non-taxable pursuant to the provisions of section 105(d). His argument is that since he was permanently and totally disabled when he retired, as is required by section 105(d)(1)(B), the payments are not includable in his gross income. Respondent's position is that this is *60 only one of several conditions which must be satisfied before the pension payments may be excludable from income under section 105(d). We agree with respondent. Section 105 provides for an exclusion from income of amounts received under accident and health plans but only in very specific situations. [3] Petitioner may not exclude his pension payments from income unless he meets all the requirements set forth in the statute. *61 Petitioner asks us to focus only on the condition he had met. That we can not and will not do. Section 105(d)(1) requires that the amounts received by the taxpayer constitute wages or payments in lieu of wages "for a period during which the employee is absent from work on account of permanent and total disability." Section 105(d)(4) further provides that the taxpayer is permanently and totally disabled only "if he is unable to engage in any substantial gainful activity." These are factual questions as to which petitioner bears the burden of proof. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). After carefully reviewing the entire record, it is clear that during 1977, when the payments in question were received, petitioner was not absent from work on account of a permanent and total disability.[4] By 1977, petitioner had been continuously employed by SEPTA for over two years. Although he alleges he was injured in August 1977, he remained on SEPTA's payroll until December 30, 1977, and was paid a total of $7,851.50 during that year. Based upon this record, we are compelled to conclude that petitioner's employment during 1977 constituted substantial and *62 gainful activity. Haar v. Commissioner,78 T.C. 864, 868 (1982); section 105(d)(4); section 7.105-2, Temp. Income Tax Regs., and the examples therein. Deductions are a matter of legislative grace as to which petitioner must prove his entitlement. New Colonial Ice Co., Inc. v. Helvering,292 U.S. 435 (1934). Since petitioner has failed to satisfy the express provisions of section 105(d), the City of Philadelphia pension payments must be included in his 1977 gross income. Section 105(a). Due to concessions by the parties, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 in effect during the taxable year in issue, unless otherwise indicated. All references to a Rule are to the Tax Court Rules of Practice and Procedure. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, the post-trial procedures set forth in that rule are not applicable to this case.↩
3. Section 105 as applicable to years after 1976, provides in pertinent part: (a) AMOUNTS ATTRIBUTABLE TO EMPLOYER CONTRIBUTIONS.--Except as otherwise provided in this section, amounts received by an employee through accident or health insurance for personal injuries or sickness shall be included in gross income to the extent such amounts (1) are attributable to contributions by the employer which were not includible in the gross income of the employee, or (2) are paid by the employer. (d) CERTAIN DISABILITY PAYMENTS.-- (1) IN GENERAL.--In the case of a taxpayer who-- (A) has not attained age 65 before the close of the taxable year, and (B) retired on disability and, when he retired, was permanently and totally disabled, gross income does not include amounts referred to in subsection (a) if such amounts constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of permanent and total disability. (4) PERMANENT AND TOTAL DISABILITY DEFINED.--For purposes of this subsection, an individual is permanently and totally disabled if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. An individual shall not be considered to be permanently and totally disabled unless he furnishes proof of the existence thereof in such form and manner, and at such times, as the Secretary may require.↩
4. Petitioner testified that he did not work for SEPTA after he had a service-connected injury in August 1977. Petitioner's testimony alone does not establish that petitioner was permanently and totally disabled from employment within the meaning of section 105 as a result of such an injury.↩