Daniel S. and Emma F. **HAAR,**
Appellants,

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 82–1838.

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1983.
Decided June 30, 1983.

Daniel S. Haar, pro se.

Robert S. Pomerance, Washington, D.C., for appellee.

Before ROSS and McMILLIAN, Circuit Judges, and COLLINSON,* District Judge.

PER CURIAM.

Daniel S. Haar appeals from the decision of the United States Tax Court finding

---

* The Honorable William R. Collinson, Senior United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

deficiencies in income taxes due from him for his 1976, 1977, 1978, and 1979 taxable years in the amounts of $274.73, $179.12, $1,817.00, and $2,988.00 respectively.

Haar served in the United States Air Force from December 8, 1941, to February 6, 1946. Although Haar had a hearing disability caused by a war injury, his discharge from the Air Force was not due to the impairment and he did not receive any disability compensation from the Veterans Administration on account of his disability.

In 1950, Haar was hired as a General Services Administration (GSA) auditor. On June 13, 1973, GSA directed Haar to take a medical examination in order to determine his fitness for duty in his regular position. This examination revealed that Haar was unable to perform his duties because of his hearing impairment. On June 19, 1974, Haar retired from the GSA and thereafter he received an annuity pension from the Civil Service Retirement and Disability Fund. The amounts received were computed on the basis of his average pay and length of service with GSA. On his 1974 and 1975 tax returns, Haar excluded from income $100 per week with respect to amounts paid from the Fund. In 1976 through 1979, however, he failed to report any portion of his Fund payments. Upon audit, the Commissioner determined that, with the exception of $5,200 paid in 1976, none of the disability retirement payments received by Haar from 1976 through 1979 were excludable from gross income.

The tax court upheld the Commissioner, ruling that such payments did not fit within the various Internal Revenue Code provisions excluding from income compensation for sickness, for injuries or for disability under either §§ 104(a)(1), 104(a)(4), or 105(d), I.R.C.1954. The tax court specifically found that although the ambiguous wording of section 104(a)(4) provides some superficial support for Haar's position, it is overshadowed by the fact that the Civil Service Retirement Act, 5 U.S.C. § 8331, *et seq.*, is not designed to provide compensation for military injuries.

We have carefully studied the record, including the tax court's opinion, the briefs and the arguments of the parties to this action. We find no merit to Haar's arguments, and accordingly affirm pursuant to Rule 14 of the Rules of this court on the basis of the tax court's opinion. *Haar v. Commissioner of Internal Revenue,* 78 T.C. 864 (1982).