ROBERT B. AND SHARON L. LONESTAR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lonestar v. Commissioner
Docket No. 14369-82.
United States Tax Court
T.C. Memo 1984-80; 1984 Tax Ct. Memo LEXIS 596; 47 T.C.M. (CCH) 1118; T.C.M. (RIA) 84080; February 16, 1984. Robert B. and Sharon L. Lonestar, pro se. Charlotte A. Mitchell, for the respondent. DINAN
MEMORANDUM FINDINGS OF FACT AND OPINION DINAN, Special Trial Judge: This case was assigned to Special Trial Judge Daniel J. Dinan pursuant to the provisions of section 7456(c) and (d), [1] and General Order No. 8, 81 T.C. V (July 1983). Respondent determined a deficiency of $2,113.67 in petitioners' 1978 Federal income tax. After a concession by petitioners, [2] the sole issue for decision is whether petitioners were entitled to exclude from income amounts received by Mr. Lonestar from the Armed Forces. FINDINGS OF FACT The Facts of this case were fully stipulated and submitted in accordance *598 with Rule 122. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Dublin, California, when they filed the petition in this case. Robert Lonestar (petitioner) was a member of the United States Navy for 24 years. On June 3, 1978, while serving aboard the USS Enterprise in the South China Sea, he suffered a severe heart attack, which required immediate and prolonged hospitalization. Petitioner was classified as unfit for duty for the remainder of 1978 and for the first two months in 1979. On March 1, 1979, he was determined to be permanently and totally disabled, and was placed on disability retirement status. After petitioner's duty ended on June 3, 1978, he continued to receive full pay under the provisions of 37 U.S.C. section 502, which reads in pertinent part: SEC. 502. ABSENCES DUE TO SICKNESS, WOUNDS, AND CERTAIN OTHER CAUSES (a) A member of the Army, Navy, Air Force, Marine Corps, Coast Guard, or Environmental Science Service Administration, who is absent because of sickness or wounds, or who is directed by the Secretary concerned, or his designated representative, to be absent *599 from duty to await orders pending disability retirement proceedings for a period that is longer than the leave authorized by section 701 of title 10, is entitled to the pay and allowances to which he would be entitled if he were not so absent. In 1978, petitioner received $7,325 from the Department of the Navy under 37 U.S.C. section 502. The Department of the Navy withheld Federal income taxes and social security taxes from this amount, issuing a W-2 Form showing such payment and withholdings. Petitioner reported the entire $7,325 on his 1978 return, but reported a $7,325 adjustment to income, with the following explanation attached to his return: Payments were in lieu of worker's comp. and excludable under IRS section 104(a)(4). [3]
Alternatively, petitioner now argues that the $7,325 is excludable from his income under the provisions of section 104(a)(1). [4] Respondent maintains that these payments are excludable only to the extent provided by section 105(d). [5]
*600 OPINION The sole issue is whether petitioner may exclude these disability payments under section 104(a)(4) or section 104(a)(1). Sections 104(a)(4) and (1) allow the exclusion from gross income of only those amounts paid because of of military injuries or on-the-job injuries, respectively. Haar v. Commissioner,78 T.C. 864, 866-68 (1982), affd. 709 F.2d 1206 (8th Cir. 1983). Therefore, the relevant question in this case is whether 37 U.S.C. section 502 is designed to provide compensation for military injuries or on the job-injuries. It plainly is not. Under that provision, the cause of the disability is irrelevant. It provides for payments because the employee is unable to perform his or her job, irrespective of whether the illness or injury was incurred on the job. Thus, sections 104(a)(4) and (1) do not apply here, although the disability that forced petitioner to retire was actually incurred while serving in the military. We conclude that none of the payments received by petitioner in 1978 are excludable from income, except for the $328.95 exclusion allowed by respondent under section 105(d). [6] Cf. Hernandez v. Commissioner,72 T.C. 1234, 1238-1239 (1979). *601 To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for 1978, unless otherwise indicated.↩
2. Since petitioners presented no evidence or argument regarding their entitlement to the disallowed dependency exemption, they are deemed to have conceded this adjustment.↩
3. Section 104(a)(4) provided that gross income does not include "amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country or in the Coast and Geodetic Survey or the Public Health Service * * *." ↩
4. Section 104(a)(1) provided that gross income does not include "amounts received under workmen's compensation acts as compensation for personal injuries or sickness." ↩
5. Respondent allowed petitioner to exclude $328.95 under this provision and this exclusion is not in issue.↩
6. It is clear that the Navy considered the amounts in issue to have been taxable wages because of the withheld income and social security taxes.↩