JOHN W. GRADY AND PATRICIA M. GRADY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grady v. Commissioner
Docket No. 29923-87.
United States Tax Court
T.C. Memo 1989-55; 1989 Tax Ct. Memo LEXIS 54; 56 T.C.M. (CCH) 1208; T.C.M. (RIA) 89055; February 7, 1989. Charles A. Koenig, for the petitioners. Robin L. Herrell, for the respondent. PATE
MEMORANDUM OPINION PATE, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b) of the Internal Revenue Code and Rule 180 et seq. [1] It is before the Court on respondent's Motion for Partial Summary Judgment, [2] filed pursuant to Rule 121, to resolve whether John W. Grady (hereinafter "petitioner") is entitled to exclude from his gross income amounts he received from the Civil Service Retirement and Disability Fund *56 (hereinafter "Civil Service") during 1983 and 1984. Petitioner opposes such motion on the grounds that there remains in dispute a material fact which must be determined before this issue may be resolved. Respondent determined deficiencies in petitioners' 1983 and 1984 Federal income taxes in the amounts of $ 2,987.00 and $ 2,917.00, respectively, and an addition to tax under section 6651(a)(1) of $ 449.29 for 1983. Petitioner and Patricia M. Grady were married and filed joint returns for the years 1983 and 1984. They resided in Columbus, Ohio, at the time they filed their petition. For purposes of respondent's motion, we find that the following facts are true. Petitioner served in the United States Armed Forces for approximately 31 years. Contemporaneously therewith, he worked as a civilian employee for the United States Army. During that time, he developed *57 a hypertensive cardiovascular disease which forced his retirement from his civilian employ in 1974 and from the United States Armed Forces in 1978. During the years 1983 and 1984, petitioner received disability payments from Civil Service in the amounts of $ 12,516 and $ 12,672 respectively. All of these payments resulted from his retirement on disability from his civilian employment. He excluded these amounts from his gross income. Further, petitioner has not applied for disability benefits from the Veterans' Administration and, as a result, has never been approved or rejected by the Veterans' Administration for disability benefits. Based on these facts, respondent maintains that no portion of petitioner's disability pension is excludable from his gross income under section 104(a)(4). On the other hand, petitioner contends that he is entitled, based on section 104(a)(4) and 104(b)(4), to exclude his Civil Service pension from gross income during 1983 and 1984 to the extent that he would have been entitled to receive disability benefits from the Veterans' Administration. He further maintains that, since he never applied to the Veterans' Administration for disability benefits, *58 he should be permitted to prove at trial the amount which he would have been entitled to receive from the Veterans' Administration during the years in issue. Under Rule 121, partial summary judgment may be granted only if, with regard to the issue to be decided, there is no genuine issue as to any material fact and a decision may be rendered as a matter of law. A material fact is one that is relevant to an element of a claim that might affect the outcome of the lawsuit. Anderson v. Liberty Lobby, Inc.,477 U.S. 242, 248 (1986); T. W. Electric Service v. Pacific Electric Contractors,809 F.2d 626, 630 (9th Cir. 1987). The moving party bears the burden of proving that there is no material fact in dispute. Jacklin v. Commissioner,79 T.C. 340, 344 (1982); Espinoza v. Commissioner,78 T.C. 412, 416 (1982). In determining whether summary judgment may be granted, all facts and inferences must be viewed in the light most favorable to the party opposing the motion. Anderson v. Liberty Lobby, Inc., supra at 251; Jacklin v. Commissioner, supra at 344; Espinoza v. Commissioner, supra at 416. *59 Basically, gross income includes "all income from whatever source derived," unless specifically excluded by Congress. Sec. 61(a); Commissioner v. Glenshaw Glass Co.,348 U.S. 426, 430 (1955). Section 104 provides for certain exclusions. Petitioner bases his argument on sections 104(a)(4) and 104(b)(4). The first, section 104(a)(4), excludes from gross income: Amounts received as a pension * * * for personal injuries or sickness resulting from active service in the armed forces * * *. In addition, section 104(b)(4) provides: In the case of any individual described in [section 104(b)(2)], the amounts excludable under [section 104(a)(4)] for any period, with respect to any individual, shall not be less than the maximum amount which such individual, on application therefore, would be entitled to receive as disability compensation from the Veterans' Administration. Respondent relies on Haar v. Commissioner,78 T.C. 864 (1982), affd. per curiam 709 F.2d 1206 (8th Cir. 1983), where under similar facts, we held that section 104(a)(4) does not apply to disability pensions paid under the Civil Service Retirement Act. Our holding *60 was based on our finding that Civil Service disability payments are not paid because of a illness or injury incurred while serving in the military but, rather, because the recipient is unable to perform the work of his civilian job. However, petitioner argues that Haar is not dispositive because the taxpayer in that case applied to the Veterans' Administration for disability benefits, and his application was rejected. He reasons, therefore, that section 104(b)(4) was not considered in that decision, and that he should be afforded the opportunity to show that his situation is distinguishable. The only problem with petitioner's reasoning is that, in Haar, we held that Civil Service disability benefits do not qualify as amounts received resulting from active service in the armed forces as required by section 104(a)(4). Since the exclusion provided for in section 104(b)(4) relates back to amounts excludable under section 104(a)(4) and since Civil Service disability pensions do not qualify under section 104(a)(4), there simply are no pension payments qualifying for exclusion. As explained in Haar v. Commissioner,78 T.C. at 867 n.4: Since we find that Civil *61 Service disability retirement payments are not paid as compensation for injuries incurred in military service and are for that reason not excludable from income under section 104(a)(4), we do not reach the factual question of whether the * * * disability that forced petitioner to retire was actually a personal injury incurred while serving in the military. Consequently, in this case, we need not determine whether petitioner's illness was incurred in military service and, therefore, whether he was eligible to receive a pension from the Veterans' Administration. Those determinations simply would not make any difference to our decision. Even if we assume that petitioner could prove that he was eligible for Veterans' Administration benefits, he did not receive any amounts eligible to be excluded. Accordingly, we grant respondent's Motion for Partial Summary Judgment and return this case to the general docket for trial in due course on the remaining issue. An appropriate order will be issued.
Footnotes
1. Unless otherwise specified, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. An addition to tax under section 6651(a)(1) is not addressed in respondent's motion.↩