123 T.C. No. 13

UNITED STATES TAX COURT


WILLIAM D. AND JOYCE M. REIMELS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9182-02.                    Filed August 26, 2004.


        While actively serving in the U.S. Armed Forces in the
Vietnam conflict, H was exposed to Agent Orange and
consequently developed lung cancer.  During 1999, H received
Social Security disability insurance benefits on account of
his lung cancer.

        <u>Held</u>:  The Social Security disability insurance benefits
that H received in 1999 are includable in Ps' gross income
under sec. 86, I.R.C., and are not excludable under sec.
104(a)(4), I.R.C.  <u>Haar v. Commissioner</u>, 78 T.C. 864, 866
(1982), affd. 709 F.2d 1206 (8th Cir. 1983), followed.



William D. Reimels and Joyce M. Reimels, pro sese.

<u>Linda P. Azmon</u>, for respondent.

OPINION

THORNTON, Judge:  Respondent determined a $2,376 deficiency in petitioners' 1999 Federal income tax.  After concessions, the only issue for decision is whether Social Security disability insurance benefits that Mr. Reimels received in 1999 are excludable from petitioners' income under section 104(a)(4).[1]

Background

The parties submitted this case fully stipulated pursuant to Rule 122.  We incorporate herein the stipulated facts.  When petitioners filed their petition, they resided in Hicksville, New York.

From September 25, 1968, to September 1, 1974, Mr. Reimels served in the U.S. Armed Forces.  He was highly decorated for his combat service in Vietnam.  While serving there, he was exposed to Agent Orange, an instrumentality of war.[2]

After serving in Vietnam, Mr. Reimels was employed in the private sector until February 19, 1993, when he was diagnosed

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the taxable year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Agent Orange is an herbicide and defoliant that was used widely in the Vietnam conflict.  It contains dioxin and has been shown to possess residual postexposure carcinogenic and teratogenic properties in humans.  PDR Medical Dictionary (2d ed. 2000).

with lung cancer. This illness resulted from his exposure to Agent Orange during his Vietnam combat service.

On August 3, 1993, Mr. Reimels applied for disability insurance benefits with the Social Security Administration, claiming disability on account of his lung cancer. On January 13, 1994, the Social Security Administration determined that Mr. Reimels was entitled to disability insurance benefits.

On November 2, 1993, Mr. Reimels applied for service-connected disability compensation with the Veterans' Administration.[3] On June 15, 1998, the Veterans' Administration awarded Mr. Reimels a "100 percent service connected disability" on the basis of his exposure to Agent Orange and his diagnosis of lung cancer.

In 1999, Mr. Reimels received $12,194 in disability insurance benefits from the Social Security Administration. He also received service-connected disability compensation from the Veterans' Administration, which petitioners allege totaled $2,246 per month.

On their 1999 joint Federal income tax return, petitioners excluded from their gross income Mr. Reimels's Social Security

---

[3] In the Department of Veterans Affairs Codification Act, Pub. L. 102-83, sec. 301, 105 Stat. 378 (1991), Congress redesignated the Veterans' Administration the Department of Veterans Affairs. For convenience, we refer to the Veterans' Administration, consistent with the language used in sec. 104.

disability insurance benefits as well as the disability compensation that he received from the Veterans' Administration.

By notice of deficiency, respondent determined that Mr. Reimels's Social Security disability insurance benefits were includable in petitioners' gross income to the extent provided in section 86.

### Discussion

I. Inclusion of Social Security Benefits in Gross Income

Before 1983, Social Security benefits were excluded from the recipient's gross income. See, e.g., Rev. Rul. 70-217, 1970-1 C.B. 13. This longstanding practice ended with the enactment of section 86 as part of the Social Security Amendments of 1983, Pub. L. 98-21, sec. 121(a), 97 Stat. 80. The legislative history indicates that Congress made this change to shore up the solvency of the Social Security trust funds and to treat "more nearly equally all forms of retirement and other income that are designed to replace lost wages". S. Rept. 98-23, at 25 (1983), 1983-2 C.B. 326, 328.

Section 86 requires the inclusion in gross income of up to 85 percent of Social Security benefits received, including Social Security disability insurance benefits.[4] See, e.g., Joseph v.

---

[4] Sec. 86(d)(1)(A) defines Social Security benefits to include any amount received by reason of entitlement to a monthly benefit under tit. II of the Social Security Act, 42 U.S.C. secs.

(continued...)

Commissioner, T.C. Memo. 2003-19; Thomas v. Commissioner, T.C. Memo. 2001-120; Maki v. Commissioner, T.C. Memo. 1996-209. Absent some exception, then, Mr. Reimels's Social Security disability insurance benefits are includable in petitioners' gross income as provided in section 86 and as respondent determined in the notice of deficiency.  The question is whether section 104 provides an exception that allows petitioners to exclude Mr. Reimels's Social Security disability insurance benefits from gross income.

II.  Exclusion From Gross Income Under Section 104

A.  The Parties' Contentions

Section 104(a) excludes from gross income certain compensation for injuries or sickness.  Petitioners rely upon section 104(a)(4), which excludes from gross income "amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the Armed Forces of any country".  Petitioners contend that the requirements of section 104(a)(4) are met because the Social Security Administration granted Mr. Reimels's disability insurance benefits solely on the basis of his disability, which resulted from Mr. Reimels's active service in the U.S. Armed Forces.

---

[4](...continued)
401-434 (2000); i.e., amounts received as disability insurance benefits.

Respondent does not dispute that Mr. Reimels's Social Security disability insurance benefits were "received as a pension, annuity, or similar allowance" within the meaning of section 104(a)(4); consequently, for present purposes we assume that they were.[5]  Nor does respondent dispute that Mr. Reimels has suffered personal injuries or sickness resulting from active service in the U.S. Armed Forces.  Instead, relying on Haar v. Commissioner, 78 T.C. 864, 866 (1982), affd. 709 F.2d 1206 (8th Cir. 1983), and its progeny, respondent contends that the section 104(a)(4) exclusion is inapplicable because Social Security disability insurance benefits are not paid for personal injury or sickness incurred in military service within the meaning of section 104(a)(4).

We are unaware of any court decision specifically addressing the applicability of section 104(a)(4) to Social Security disability insurance benefits.  As explained below, the well-established and consistent pattern of decisions in Haar and its progeny compels the conclusion that the Social Security disability insurance payments that Mr. Reimels received in 1999 are not excludable from income under section 104(a)(4).

---

[5] Sec. 86(f) specifies that "any social security benefit shall be treated as an amount received as a pension or annuity" for purposes of certain specified Code sections, not including sec. 104.

B. Haar v. Commissioner

In Haar v. Commissioner, supra, this Court addressed for the first time whether payments made by a nonmilitary employer to a person who retires from service with that employer are excludable from gross income pursuant to section 104(a)(4). In Haar, the taxpayer suffered a hearing loss while serving in the U.S. Air Force. For reasons other than disability, he was discharged from the U.S. Air Force and began working as a civilian employee of the General Services Administration (GSA). He later retired from GSA on account of his hearing disability and began receiving annuity payments from the Civil Service Retirement and Disability Fund.[6] He sought to exclude these payments from his taxable income, relying on section 104(a)(4).

In Haar v. Commissioner, supra at 866, we concluded that "Although the ambiguous wording of section 104(a)(4) provides some superficial support" for the taxpayer's position, this circumstance was "overshadowed" by the nature of the Civil Service benefits in question. We noted that the Civil Service Retirement Act, 5 U.S.C. sec. 8331 et seq., is not designed to compensate for military injuries. Rather, in determining

---

[6] In Haar v. Commissioner, 78 T.C. 864 (1982), affd. 709 F.2d 1206 (8th Cir. 1983), the taxpayer also applied for disability compensation from the Veterans' Administration. Although the Veterans' Administration determined that the taxpayer had defective hearing that was service connected, it concluded that the taxpayer's injury was not disabling to a compensable degree.

eligibility for Civil Service disability benefits, the nature or cause of the disability is irrelevant; the only consideration is the employee's ability to perform his or her job.  We concluded:

> Because disability payments under the Civil Service Retirement Act are not paid for personal injuries or sickness incurred in military service, we conclude that section 104(a)(4) did not entitle petitioner to exclude the disability payments he received in the years in issue.  [Id. at 867.]

In the 20-plus years since this Court decided Haar, we have consistently followed it in numerous cases addressing whether benefit payments under Civil Service and public employee disability plans were eligible for exclusion under section 104(a)(4).  See, e.g., Jeanmarie v. Commissioner, T.C. Memo. 2003-337 (holding that Civil Service Retirement System disability benefits were not excludable); Kiourtsis v. Commissioner, T.C. Memo. 1996-534 (holding that disability retirement income received from New York City Employees' Retirement System was not excludable); French v. Commissioner, T.C. Memo. 1991-417 (holding that Civil Service annuity payments from U.S. Postal Service were not excludable); Grady v. Commissioner, T.C. Memo. 1989-55 (holding that disability pension received from Civil Service Retirement and Disability Fund was not excludable); Tolotti v. Commissioner, T.C. Memo. 1987-13 (holding that Civil Service disability retirement payments from U.S. Office of Personnel Management were not excludable); Lonestar v. Commissioner, T.C.

Memo. 1984-80 (holding that civilian service disability pay received from Department of the Navy was not excludable).

 C. <u>Applicability of Section 104(a)(4) Exclusion to Social Security Disability Insurance Benefits</u>

Like the Civil Service and public employee disability benefits considered in <u>Haar v. Commissioner</u>, <u>supra</u>, and its progeny, Social Security disability insurance benefits do not take into consideration the nature or cause of the disability. Social Security disability insurance benefits are provided in title II of the Social Security Act (SSA), 42 U.S.C. secs. 401-434 (2000). Title II provides disability insurance benefits to every individual who is insured for disability insurance benefits, has not attained retirement age, has filed an application for disability insurance benefits, and is under a disability. 42 U.S.C. sec. 423(a)(1); see <u>Cleveland v. Policy Mgmt. Sys. Corp.</u>, 526 U.S. 795, 801 (1999).[7] For purposes of determining eligibility for disability insurance benefits, the Social Security Act gives no consideration to whether the disability arose from service in the Armed Forces or was

---

   [7] Social Security disability insurance is contributory and is designed to prevent public dependency by protecting workers and their families against common economic hazards. <u>Mathews v. de Castro</u>, 429 U.S. 181, 185-186 (1976). Its primary objective is to provide workers and their families with basic protection against hardships created by loss of earnings due to illness or old age; the disability insurance provisions are not general public assistance laws and are not need based. <u>Id.</u>; see also <u>Sciarotta v. Bowen</u>, 735 F. Supp. 148, 151 (D.N.J. 1989).

attributable to combat-related injuries.  See 42 U.S.C. sec. 423(d)(1).[8]  Insured status for purposes of Social Security disability insurance benefits is determined on the basis of the individual's prior work record and not on the cause of his disability.  See, e.g., 42 U.S.C. sec. 423(c); 20 C.F.R. secs. 404.101-404.146 (2003).  Moreover, the amount of Social Security disability payments is computed under a formula that does not consider the nature or extent of the injury.[9]  Consequently, under the reasoning of Haar v. Commissioner, 78 T.C. 864 (1982),

---

[8]  Eligibility for Social Security disability insurance benefits is conditioned on the existence of a "disability", which is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months".  42 U.S.C. sec. 423(d)(1). For this purpose, the beneficiary's impairment must be:

> of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. [42 U.S.C. sec. 423(d)(2)(A).]

[9] The monthly Social Security disability insurance benefit is equal to the "primary insurance amount".  42 U.S.C. sec. 423(a)(2); 20 C.F.R. secs. 404.201(a), 404.317 (2003).  The primary insurance amount is computed primarily under one of two major methods, the average-indexed-monthly-earnings method or the average-monthly-wages method, both of which are based on the beneficiary's earnings record.  See 20 C.F.R. secs. 404.204, 404.210-404.212, 404.220-404.222 (2003).

and its progeny, Mr. Reimels's Social Security disability insurance benefits were not paid for personal injuries or sickness resulting from military service within the meaning of section 104(a)(4). Accordingly, these Social Security disability insurance benefits, which are expressly includable in income to the extent provided under section 86, are not eligible for exclusion under section 104(a)(4).

   D.  Petitioners' Argument To Distinguish Haar v. Commissioner

Petitioners argue that Haar is distinguishable in that the taxpayer in Haar had been denied disability compensation from the Veterans' Administration, whereas the Veterans' Administration awarded Mr. Reimels a 100-percent service-connected disability. This Court has previously concluded, however, that Haar cannot be fairly distinguished on such grounds. As we stated in Kiourtsis v. Commissioner, supra:

> Contrary to petitioner's assertions, the key to the holding of Haar and its progeny is not whether the taxpayer received disability compensation from the Veterans Administration or whether there was a specific finding that the disability was service-related. Haar looked to the retirement plan under the Civil Service Retirement Act, and determined that it was "not designed to provide compensation for military injuries." * * *

Similarly, as just discussed, disability insurance benefits under the Social Security Act are not designed to provide compensation for military injuries.

E.  Petitioners' Argument To Overturn Haar

Petitioners suggest that Haar was wrongly decided and that we should no longer follow it.  Petitioners contend that section 104(a)(4) contains no express requirement that a disability pension be received under a statute designed to compensate for military injuries.  They contend that under the literal language of section 104(a)(4) it is sufficient that Mr. Reimels received his Social Security disability insurance benefits on account of a disability resulting from combat-related injuries.

In support of their contentions, petitioners rely upon Freeman v. United States, 265 F.2d 66 (9th Cir. 1959), and Prince v. United States, 127 Ct. Cl. 612, 119 F. Supp. 421 (1954).  Petitioners' reliance on these cases is misplaced.  Freeman and Prince involved military compensation statutes that were designed, at least in part, to compensate for injuries incurred during, or as an incident of, active military service.  In each case, the court linked the taxpayer's injuries to that portion of the retirement statute that awarded benefits for service-connected disabilities.

The instant case, like Haar and its progeny, and unlike Freeman and Prince, does not involve benefits received under military compensation statutes.  Relevant legislative history supports the view that only pensions, annuities, or similar allowances that are received under what are essentially military

disability compensation statutes qualify for exclusion under section 104(a)(4).[10]  Specifically, in 1976, responding to perceived abuses of the section 104(a)(4) exclusion, Congress acted to severely restrict its availability.  As stated in the legislative history to the 1976 amendments of section 104:

> Military personnel can exclude from income pensions for personal injuries or sickness paid by the Department of Defense (as well as all Veterans Administration disability compensation).

> *    *    *    *    *    *    *

> The House bill * * * eliminates the exclusion for non-combat related disability pensions for those who joined the armed forces after September 24, 1975, but continues the exemption for V.A. disability compensation or an equivalent amount paid by the Department of Defense.  * * *  [S. Conf. Rept. 94-1236, at 432 (1976), 1976-3 C.B. (Vol. 3) 807, 836; emphasis added.]

As a general principle, provisions granting special tax exemptions are to be strictly and narrowly construed.  See Commissioner v. Schleier, 515 U.S. 323, 328 (1995); Helvering v. Northwest Steel Rolling Mills, Inc., 311 U.S. 46, 49 (1940).  We believe this general principle has particular cogency in the instant case:  as previously discussed, in 1983 Congress reversed

---

[10] One example of a disability compensation statute that is designed, at least in part, to compensate individuals for military injuries, is 10 U.S.C. sec. 1201 (2000).  Under this provision, military disability retirement pay is available for, among other things, a disability that is the proximate result of performing active duty, a disability that was incurred in the line of duty in time of war or national emergency, or a disability that was incurred in the line of duty after Sept. 14, 1978.

prior tax-free treatment of Social Security benefits by mandating that all Social Security benefits, including disability insurance benefits, be at least partially includable in gross income. In making this change, Congress gave no indication that it intended to allow an exception under section 104 or otherwise. Indeed, to allow an exception under section 104 for Social Security disability insurance benefits would appear incongruous with the stated purpose of section 86 to treat "more nearly equally all forms of retirement and other income that are designed to replace lost wages". S. Rept. 98-23, supra at 25-26, 1983-2 C.B. at 328.

This Court decided Haar v. Commissioner, 78 T.C. 864 (1982), over 20 years ago. On numerous occasions since, Congress has amended section 104 in various respects.[11] At no time has Congress sought to overturn Haar or to clarify the scope of the section 104(a)(4) exclusion in light of Haar. "[P]rolonged

---

[11] See Victims of Terrorism Tax Relief Act of 2001, Pub. L. 107-134, sec. 113(a), 115 Stat. 2435 (2002) (amending sec. 104(a)(5) as relates to terrorist attacks); Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 1529, 111 Stat. 1075 (creating personal injury presumption for heart disease and hypertension of former police officers and firefighters for purposes of sec. 104(a)(1)) (amended by Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 6015(c)(1), 112 Stat. 821); Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1605(a), 110 Stat. 1838 (restricting sec. 104(a)(2) to personal physical injuries and sickness); Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7641(a), 103 Stat. 2379 (making sec. 104(a)(2) inapplicable with respect to punitive damages in connection with a case not involving physical injury or physical sickness); Act of Jan. 14, 1983, Pub. L. 97-473, sec. 101(a), 96 Stat. 2605 (amending sec. 104(a)(2) with respect to amounts received by suit or agreement).

congressional silence in response to a settled interpretation of a federal statute provides powerful support for maintaining the status quo.  In statutory matters, judicial restraint strongly counsels waiting for Congress to take the initiative in modifying rules on which judges and litigants have relied." Hibbs v. Winn, 542 U.S. ___, ___, 124 S. Ct. 2276, 2296 (2004) (Stevens, J., concurring); see Commissioner v. Noel's Estate, 380 U.S. 678, 680-681 (1965).

This Court's decision in Haar is consistent with the Commissioner's longstanding administrative position in Rev. Rul. 77-318, 1977-2 C.B. 45, that section 104(a)(4) does not apply to a pension, annuity, or similar allowance received on account of active service in a government organization other than the U.S. Armed Forces.[12]  This Court's decision in Haar was affirmed by the Court of Appeals for the Eighth Circuit; no court has expressly rejected it.  As previously discussed, this Court has consistently followed Haar and has applied its reasoning in many cases.  The principle of stare decisis strongly counsels against our now undertaking to reexamine the well-settled pattern of decision that has evolved in this Court and at least one Court of Appeals, consistent with longstanding administrative guidance.

---

[12] Rev. Rul. 77-318, 1977-2 C.B. 45, holds that an individual may not exclude from gross income Civil Service payments received for a disability retirement occasioned by injuries sustained during active military service.

Acknowledging that petitioners' position is not without force or appeal, we feel compelled to conclude that any impetus for change should come from the legislature, rather than this Court.

For these reasons, and adhering to this Court's reasoning in Haar and its progeny, we conclude that because Mr. Reimels's Social Security disability insurance benefits were not paid as compensation for military injuries or sickness, they are not excludable under section 104(a)(4).

F.  Petitioners' Alternate Contentions

1.  Section 104(b)(2)

Petitioners make what appear to be alternate contentions on the basis of the section 104(b)(2) limitations to section 104(a)(4).  Essentially, petitioners contend that because Mr. Reimels meets one or several of the requirements in section 104(b)(2), petitioners are entitled to exclude Mr. Reimels's Social Security disability insurance benefits.

Congress enacted section 104(b) to curb perceived abuses.[13]

---

[13] The relevant legislative history explains the reasons for the 1976 amendments as follows:

> In many cases, armed forces personnel have been classified as disabled for military service shortly before they would have become eligible for retirement principally to obtain the benefits of the special tax exclusion on the disability portion of their retirement pay.  In most of these cases the individuals, having retired from the military, earn income from other

(continued...)

Section 104(b)(1) provides that the exclusion under section 104(a)(4) is restricted to the classes of individuals described in section 104(b)(2), as follows:

> (2) Individuals to whom subsection (a)(4) continues to apply.--An individual is described in this paragraph if--
>
> > (A) on or before September 24, 1975, he was entitled to receive any amount described in subsection (a)(4),
> >
> > (B) on September 24, 1975, he was a member of any organization (or reserve component thereof) referred to in subsection (a)(4) or under a binding written commitment to become such a member,
> >
> > (C) he receives an amount described in subsection (a)(4) by reason of a combat-related injury, or
> >
> > (D) on application therefor, he would be entitled to receive disability compensation from the Veterans' Administration.

For purposes of section 104(b)(2)(C), the term "combat-related injury" means personal injury or sickness which is:  (1) Incurred as a direct result of armed conflict, engagement in extra hazardous service, or under conditions simulating war; or (2) caused by an instrumentality of war.  Sec. 104(b)(3).[14]

_____

[13](...continued) employment while receiving tax-free "disability" payments from the military. * * * [H. Rept. 94-658, at 152 (1975), 1976-3 C.B. (Vol. 2) 695, 844.]

[14] Sec. 104(b)(3) also provides that "In the case of an individual who is not described in subparagraph (A) or (B) of paragraph (2), except as provided in paragraph (4), the only

(continued...)

Petitioners argue that the Social Security disability insurance benefits Mr. Reimels received in 1999 are excludable under section 104(b)(2)(C) because they are part of a disability pension for his combat-related injury resulting from his exposure to Agent Orange. Petitioners also argue that the Social Security disability insurance benefits are excludable under section 104(b)(2)(D) because Mr. Reimels is entitled to receive disability compensation from the Veterans' Administration. We disagree.

Section 104(b)(2) provides no independent basis for exclusion. Instead, consistent with express legislative intent, it limits the classes of persons who otherwise might be eligible for the section 104(a)(4) exclusion. Thus, regardless of whether Mr. Reimels's disability arose from combat-related injuries while he was serving in the U.S. Armed Forces, the payments in question must meet the requirements for exclusion under section 104(a)(4). For the reasons discussed above, Mr. Reimels's Social Security disability insurance benefits do not meet those requirements.[15]

---

[14](...continued)
amounts taken into account under subsection (a)(4) shall be the amounts which he receives by reason of a combat-related injury."

[15] Moreover, as previously discussed, the fact that Mr. Reimels received disability compensation from the Veterans' Administration does not distinguish Haar v. Commissioner, 78 T.C. 864 (1982), and does not entitle Mr. Reimels to an exclusion under sec. 104(a)(4). See Kiourtsis v. Commissioner, T.C. Memo. 1996-534.

## 2. Section 104(b)(4)

Finally, petitioners rely on section 104(b)(4), which provides that in the case of an individual described in section 104(b)(2) (i.e., an individual who is in one of the classes of persons who remain eligible for the section 104(a)(4) exclusion) the amounts excludable under section 104(a)(4) "shall not be less than the maximum amount which such individual, on application therefor, would be entitled to receive as disability compensation from the Veterans' Administration."[16]  On the basis of this

---

[16] The Veterans' Administration provides compensation for service-connected disability.  See 38 U.S.C. sec. 1110 (2000) (providing compensation for disability resulting from personal injury suffered or disease contracted in line of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of duty, in the active military, naval, or air service, during a period of war); id. sec. 1131 (providing compensation for disability resulting from personal injury suffered or disease contracted in line of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of duty, in the active military, naval, or air service, during other than a period of war); see also Sidoran v. Commissioner, 640 F.2d 231, 233 (9th Cir. 1981) ("The Veterans Administration's disability benefits program is intended to compensate a veteran for impairment resulting from service-connected injuries."), affg. T.C. Memo. 1979-56.  In general, monthly compensation for service-connected disability is paid on the basis of a rating of the claimant's disability, which is in turn based on a schedule of ratings of reductions in earning capacity from specific injuries or combination of injuries.  See, e.g., 38 U.S.C. secs. 1114, 1134, 1155 (2000); 38 C.F.R. secs. 4.1-4.150 (2003).

Payments of Veterans' Administration benefits are tax exempt.  38 U.S.C. sec. 5301 (2000); Porter v. Aetna Cas. & Sur. Co., 370 U.S. 159, 160 (1962) ("Since 1873, it has been the policy of the Congress to exempt veterans' benefits from creditor actions as well as from taxation.").

provision, petitioners argue that the amount of Social Security disability insurance benefits to be excluded shall not be less than the disability compensation that Mr. Reimels received in 1999 from the Veterans' Administration. Petitioners contend that because the Social Security disability insurance benefits Mr. Reimels received in 1999 were less than his Veterans' Administration disability compensation, they are entitled to exclude the entire amount of Social Security disability insurance benefits received. We disagree for the following reasons.

First, subsection (b)(4) of section 104, like just-discussed subsection (b)(2), provides no independent basis for exclusion: for petitioners to be eligible for the claimed exclusion, they must meet the requirements of section 104(a)(4). See Grady v. Commissioner, T.C. Memo. 1989-55. We have held that the Social Security disability insurance benefits in question do not meet those requirements.

Second, although section 104(b)(4) is not a model of clarity, its legislative history suggests that it was intended to apply with respect to retired military personnel who do not receive the Veterans' Administration benefits to which they are otherwise entitled. In certain circumstances, section 104(b)(4) provides such persons with a tax benefit at least as great as the

tax exemption that would have been available for the forgone Veterans' Administration benefits.[17]

Mr. Reimels received his entitlement to full disability benefits from the Veterans' Administration. The parties agree that these benefits are exempt from taxation. There is no indication that Congress intended section 104(b)(4) effectively to provide a second, duplicate tax exclusion with respect to amounts of excludable Veterans' Administration benefits that the taxpayer has actually received. See Kiourtsis v. Commissioner, T.C. Memo. 1996-534.

---

[17] The legislative history to sec. 104(b)(4) states:

> At all times, Veterans' Administration disability payments will continue to be excluded from gross income. In addition, even if a future serviceman who retires does not receive his disability benefits from the Veterans' Administration, he will still be allowed to exclude from his gross income an amount equal to the benefits he could receive from the Veterans' Administration. Otherwise, future members of the armed forces will be allowed to exclude military disability retirement payments from their gross income only if the payments are directly related to "combat injuries."
> * * * [S. Rept. 94-938, at 139 (1976), 1976-3 C.B. (Vol. 3) 49, 177.]

In other words, a retired serviceman ordinarily would be unable to exclude benefit payments received for a non-combat-related injury. See sec. 104(b)(2)(C) and (3). If such benefit payments otherwise meet the requirements of sec. 104(a)(4), however, sec. 104(b)(4) would allow the serviceman to exclude at least as much of the payments as equals any Veterans' Administration benefits which the serviceman would have been entitled to, but did not, receive.

III. <u>Conclusion</u>

We hold that the Social Security disability insurance benefits Mr. Reimels received in 1999 are not excludable from gross income under section 104(a)(4). Accordingly, these benefits are includable in gross income to the extent provided in section 86.

<u>Decision will be</u>

<u>entered under Rule 155</u>.