T.C. Memo. 2003-337

UNITED STATES TAX COURT

RAMON J. AND SHEILA A. JEANMARIE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7265-02.                    Filed December 15, 2003.

Ramon J. Jeanmarie and Sheila A. Jeanmarie, pro sese.

<u>Catherine S. Tyson</u>, <u>Gerald Brantley</u>, and <u>T. Richard Sealy
III</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency of
$2,010 in petitioners' 1999 Federal income tax.  Unless otherwise
indicated, all section references are to the Internal Revenue
Code in effect for the year in issue, and all Rule references are
to the Tax Court Rules of Practice and Procedure.

The sole issue for decision is whether $13,380 petitioner Ramon J. Jeanmarie (petitioner) received in 1999 from the Office of Personnel Management (OPM) as disability benefits under the Civil Service Retirement System (CSRS) is excludable from income pursuant to section 104(a)(4).[1]

## FINDINGS OF FACT

None of the facts have been stipulated. At the time they filed the petition, petitioners resided in El Paso, Texas.

In 1976, petitioner enlisted in the United States Army (Army). Prior to joining the Army, petitioner suffered from urinary problems. He thought his urinary problems were corrected before entering the Army; however, after entering the Army, his symptoms returned.

Petitioner served in the Army until 1979. Petitioner received an honorable discharge, not a medical discharge, from the Army. Petitioner did not receive Veterans' Administration (VA) disability when he left the Army. Petitioner's urinary problems persisted after he left the Army.

After he left the Army, petitioner was employed as a civil service employee of the United States Navy (Navy). In 1983, petitioner's employment with the Navy was terminated. Petitioner "fought" his termination, and in 1987 he was reinstated.

---

[1] At trial, respondent conceded the only other adjustment contained in the notice of deficiency, $20 of interest income, because it was de minimis.

Immediately upon his return, the Navy submitted the paperwork for petitioner's retirement. In 1988, petitioner retired from the Navy. Effective September 29, 1988, petitioner started receiving a pension, disability benefits under CSRS, from OPM.

Sometime in the mid to late 1990s, petitioner applied for VA disability. His application was denied.

During 1999, petitioner received $13,380 from OPM as disability benefits under CSRS. OPM reported the distribution to respondent on its Form 1099R, Statement of Annuity Paid. The distribution code on the Form 1099R was listed as "3-DISABILITY". Petitioners did not report the $13,380 on their 1999 joint Federal income tax return.

OPINION

Section 7491(a) places the burden of proof on the Commissioner with regard to certain factual issues. Higbee v. Commissioner, 116 T.C. 438, 440 (2001). Respondent concedes that section 7491 is applicable to this case.

Respondent argues that petitioners have neither introduced credible evidence, pursuant to section 7491(a)(1), nor satisfied the prerequisites of section 7491(a)(2). H. Conf. Rept. 105-599, at 240, 242 (1998), 1998-3 C.B. 747, 994, 996 (the burden is on the taxpayer to show that he satisfied the prerequisites of section 7491(a)(2)). On the instant record, we agree with

respondent.  We conclude that petitioners bear the burden of proving that respondent's determination is wrong.[2]  Rule 142(a).

As a general rule, the Internal Revenue Code imposes a tax on the taxable income of every individual.  Sec. 1.  Section 61(a) specifies that, "Except as otherwise provided", gross income for purposes of calculating such taxable income means "all income from whatever source derived".  The Supreme Court has long reiterated the sweeping scope of section 61.  Commissioner v. Schleier, 515 U.S. 323, 327 (1995); Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429-431 (1955); Banaitis v. Commissioner, 340 F.3d 1074, 1079 (9th Cir. 2003), affg. in part and revg. in part on another ground T.C. Memo. 2002-5.  "Pensions and retirement allowances paid either by the Government or by private persons constitute gross income unless excluded by law." Sec. 1.61-11(a), Income Tax Regs.

Section 104, in contrast, provides an exception with respect to compensation for injuries or sickness.  Such exclusions from gross income are construed narrowly.  Commissioner v. Schleier, supra at 328; United States v. Burke, 504 U.S. 229, 248 (1992) (Souter, J., concurring in judgment); Banaitis v. Commissioner, supra at 1079.  Section 104 reads in pertinent part:

---

[2]  We note that our decision in this case would not change if respondent bore the burden of proof.

SEC. 104. COMPENSATION FOR INJURIES OR SICKNESS.

(a) In General.--Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include--

\* \* \* \* \* \* \*

(4) amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country or in the Coast and Geodetic Survey or the Public Health Service, or as a disability annuity payable under the provisions of section 808 of the Foreign Service Act of 1980;

\* \* \* \* \* \* \*

(b) Termination of Application of Subsection (a)(4) in Certain Cases.--

(1) In general.--Subsection (a)(4) shall not apply in the case of any individual who is not described in paragraph (2).

(2) Individuals to whom subsection (a)(4) continues to apply.--An individual is described in this paragraph if--

\* \* \* \* \* \* \*

(D) on application therefor, he would be entitled to receive disability compensation from the Veterans' Administration.

Benefits paid under CSRS do not provide compensation for military injuries. Haar v. Commissioner, 78 T.C. 864, 866 (1982), affd. per curiam 709 F.2d 1206 (8th Cir. 1983). Title 5 U.S.C. sec. 8337(a) (2000) provides:

Any employee shall be considered to be disabled only if the employee is found by the Office of Personnel

> Management to be unable, because of disease or injury, to render useful and efficient service in the employee's position and is not qualified for reassignment, under procedures prescribed by the Office, to a vacant position which is in the agency at the same grade or level and in which the employee would be able to render useful and efficient service.

Under this provision, the nature or cause of the disability is irrelevant, and all that is taken into account is the employee's ability to perform his or her job or a vacant position in his or her agency at the same grade or level. See also Haar v. Commissioner, supra at 866-867 (similarly discussing former 5 U.S.C. sec. 8331(6) (1976), repealed by the Omnibus Reconciliation Act of 1980, Pub. L. 96-499, sec. 403(b), 94 Stat. 2606, which defined disability as meaning totally disabled or total disability for useful and efficient service in the grade or class of position last occupied by the employee because of disease or injury). Accordingly, in determining eligibility for disability retirement and the amount of disability annuity payments under CSRS, no consideration is given to whether the disease or injury arose from military service. See id. at 867.

Accordingly, we conclude that section 104(a)(4) did not entitle petitioner to exclude the disability payments he received in 1999 because disability payments made under CSRS are not paid for personal injuries or sickness incurred in military service. Id.; see also Rutt-Hahn v. Commissioner, T.C. Memo. 1996-536

(section 104(a)(4) does not apply to disability payments made under CSRS for civilian service).

For the sake of completeness, we shall address some additional points raised by petitioner. First, petitioner's injury was not incurred in military service. Petitioner testified that he suffered from his symptoms <u>prior</u> to entering the Army.

Second, petitioners argue that petitioner satisfied the requirements of section 104(b)(2)(D). In order for section 104(a)(4) to continue to apply pursuant to section 104(b), section 104(a)(4) must apply in the first place--i.e., the amounts must be received for personal injuries or sickness resulting from active service in the Armed Forces. We have found that section 104(a)(4) does not apply to the $13,380 petitioner received from OPM; therefore, the provisions of section 104(b) are not applicable to this case. See <u>Kiourtsis v. Commissioner</u>, T.C. Memo. 1996-534.

Third, even if the provisions of section 104(b) were applicable to this case, petitioner is not an individual described in section 104(b)(2). Petitioners contend that petitioner was entitled to receive disability compensation from the VA and this would qualify him under section 104(b)(2)(D). Contrary to their assertions, the VA denied petitioner's application for disability compensation (i.e., he is not entitled

to receive disability compensation from the VA).  This is established by the evidence petitioners presented[3] and several court decisions which we take judicial notice of pursuant to Rule 201 of the Federal Rules of Evidence.  Jeanmarie v. Principi, No. 02-1662, 2002 U.S. App. Vet. Claims LEXIS 1072, 2003 WL 115322 (Vet. App., Dec. 10, 2002); Jeanmarie v. Gober, No. 97-1886, 2001 WL 47295 (Vet. App., Nov. 30, 2000); Jeanmarie v. West, No. 97-1886, 1998 WL 223457 (Vet. App., Apr. 20, 1998), remanded without published opinion 194 F.3d 1332 (Fed. Cir. 1999).

Last, petitioners contend that respondent allowed petitioners to exclude petitioner's CSRS annuity from income in prior tax years.  Each taxable year stands alone, and the Commissioner may challenge in a succeeding year what was condoned or agreed to in a prior year.  Rose v. Commissioner, 55 T.C. 28, 31-32 (1970); see Kiourtsis v. Commissioner, supra (applying this principle in the context of a section 104(a)(4) case).

To reflect the foregoing,

Decision will be entered

under Rule 155.

_____

[3]  At the close of the trial, the Court offered to keep the record open so petitioners could supply additional records regarding petitioner's VA claims.  Petitioners objected, so we closed the record.