T.C. Memo. 2010-281

UNITED STATES TAX COURT

SHEILA A. AND RAMON J. JEANMARIE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7815-08.              Filed December 22, 2010.

Sheila A. and Ramon J. Jeanmarie, pro se.

<u>Brock E. Whalen</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, <u>Judge</u>:  Respondent determined a $2,491 deficiency
in petitioners' 2005 Federal income tax and a $623 addition to
tax pursuant to section 6651(a)(1).

The issues for decision are:  (1) Whether $15,420 in
disability benefits that Ramon J. Jeanmarie (petitioner) received
in 2005 from the Office of Personnel Management (OPM) is

excludable from income pursuant to section 104(a)(4); (2) whether petitioners failed to report interest income totaling $150 on their joint 2005 Form 1040, U.S. Individual Income Tax Return; and (3) whether petitioners are liable for the section 6651(a)(1) addition to tax for failure to timely file their joint 2005 Federal income tax return.  Unless otherwise indicated, all section references are to the Internal Revenue Code for the year at issue and all Rule references are to the Tax Court Rules of Practice and Procedure.  All dollar amounts have been rounded to the nearest dollar.

FINDINGS OF FACT

The parties have stipulated some facts, which we so find. When they petitioned the Court, petitioners resided in Texas.

Petitioner served in the U.S. Army from 1976 until 1979, when he received an honorable discharge.  After he left the Army, he was employed as a civil service employee of the U.S. Navy.  He retired in 1988 and began receiving disability benefits from OPM under the Civil Service Retirement System (CSRS).

In 2005 petitioner received from OPM $15,420 in disability benefits under the CSRS.  These distributions were reported to respondent and categorized as "3-DISABILITY" payments on the Form CSA 1099R, Statement of Annuity Paid, that OPM issued.  In 2005 petitioners also received $43 of interest from FirstLight Federal Credit Union (FirstLight) and $107 of interest from the

Department of the Treasury (Treasury Department) upon the redemption of a U.S. savings bond.

On their joint 2005 Federal income tax return, filed October 16, 2006, petitioners failed to report the $15,420 in distributions from OPM and the $150 of aggregate interest received from FirstLight and the Treasury Department.

OPINION

Petitioners bear the burden of proving that respondent's determinations are in error. See Rule 142(a).[1]

I. Disability Benefits

In Jeanmarie v. Commissioner, T.C. Memo. 2003-337 (Jeanmarie I), petitioners litigated the taxability of petitioner's disability benefits received during tax year 1999. In that case this Court ruled that the disability benefits, also classified as "3-DISABILITY" payments by OPM, were not excludable from income under section 104 and consequently petitioners were required to include them on their joint 1999 return. Id.

The doctrine of collateral estoppel is intended to avoid repetitious litigation by precluding the relitigation of any issue of fact or law that was actually litigated and that resulted in a final judgment. See Montana v. United States, 440

---

[1]Petitioners have not claimed or shown that they meet the requirements under sec. 7491(a) to shift the burden of proof to respondent as to any factual issue affecting their liability for tax.

U.S. 147, 153 (1979). Collateral estoppel may apply with respect to an issue if: (1) It is identical to one decided in prior litigation; (2) a court of competent jurisdiction rendered a final judgment in the prior litigation; (3) the person against whom collateral estoppel is asserted was a party to the prior litigation; (4) the parties actually litigated the issue and the resolution of the issue was essential to the prior decision; and (5) the controlling facts and applicable legal rules are unchanged from those in the prior litigation. Sawyer Trust v. Commissioner, 133 T.C. 60, 78 (2009); Peck v. Commissioner, 90 T.C. 162, 166-167 (1988), affd. 904 F.2d 525 (9th Cir. 1990); see Stovall v. Price Waterhouse Co., 652 F.2d 537, 540 (5th Cir. 1981).

These requirements are met as to the issue of the taxability of petitioner's disability benefits. This issue is identical to the sole issue in Jeanmarie I. This Court, a court of competent jurisdiction, rendered in Jeanmarie I a final judgment that is no longer subject to appeal. See Rule 190(a). The parties in these two proceedings are identical. In Jeanmarie I petitioners fully litigated the taxability of the disability benefits. The resolution of that issue was essential to the judgment in favor of respondent, as it was the only issue litigated. Finally, the controlling facts and applicable legal rules remain unchanged-- the issues in the two cases differ only in that they refer to

disability payments made in different tax years and for different amounts. Petitioners have failed to allege or prove any facts that would alter the characterization of the disability payments in this case.

Accordingly, petitioners are collaterally estopped from relitigating the taxability of petitioner's disability benefits.[2] But even if collateral estoppel did not apply, petitioners would not be entitled to exclude the payments from gross income. Petitioners seek to exclude the payments under section 104(a)(4) as "amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country". Benefits paid under CSRS do not provide compensation for personal injuries or sickness incurred in military service so as to be excludable under section 104(a)(4). Haar v. Commissioner, 78 T.C. 864 (1982), affd. per curiam 709 F.2d 1206 (8th Cir. 1983); Jeanmarie v. Commissioner,

_____

[2]Petitioners argue that respondent is estopped from litigating the taxability of the 2005 disability payments because, they assert, respondent determined that petitioner's 1998 payment was properly excluded from gross income. Collateral estoppel does not apply to any such determination, however, if for no other reason than that the issue was not one that was litigated or one upon which a final judicial determination was made. See Sawyer Trust v. Commissioner, 133 T.C. 60, 78 (2009). "The mere acceptance or acquiescence in returns filed by a taxpayer in previous years creates no estoppel against the Commissioner nor does the overlooking of an error in a return upon audit create any such estoppel." Mora v. Commissioner, T.C. Memo. 1972-123; see Dixon v. United States, 381 U.S. 68, 72-73 (1965); Auto. Club of Mich. v. Commissioner, 353 U.S. 180, 183-184 (1957); McGuire v. Commissioner, 77 T.C. 765, 779-780 (1981).

<u>supra</u>. We sustain respondent's determination that the disability payments are includable in petitioners' gross income for taxable year 2005.

## II. Interest Income

Section 61 defines gross income broadly as "all income from whatever source derived," which includes interest income. Sec. 61(a)(4). In 2005 petitioners received $43 of interest from FirstLight and $107 of interest from the Treasury Department. They have offered no reason for not reporting the interest income. We sustain respondent's determination with respect to this issue.

## III. Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for failure to file a timely return unless the taxpayer establishes that the failure "is due to reasonable cause and not due to willful neglect". It is undisputed that petitioners did not timely file their Federal tax return for taxable year 2005. Respondent has met his burden of production under section 7491(c). <u>Higbee v. Commissioner</u>, 116 T.C. 438, 447 (2001). Petitioners have not alleged or established that they had reasonable cause for failing to file a timely return. Accordingly, petitioners are liable for the section 6651(a)(1) addition to tax.

IV.  Section 6673(a)(1) Penalty

Section 6673(a)(1) authorizes the Court to impose a penalty, not to exceed $25,000, if it appears that the taxpayer has instituted or maintained proceedings primarily for delay. Petitioners have deluged this Court with motions repeatedly seeking delay.  They refused to participate in good faith in the stipulation process.  The primary issue which they have sought to litigate in this proceeding was decided adversely against them in Jeanmarie I.  Cf. Sydnes v. Commissioner, 74 T.C. 864, 872-873 (1980) (imposing a section 6673 penalty on the Court's own motion where the taxpayers had attempted twice to relitigate an issue previously decided against them), affd. 647 F.2d 813 (8th Cir. 1981).  These various considerations make us think that petitioners have instituted this proceeding primarily for delay. While we decline to impose a penalty today, we warn petitioners that they may be subject to a section 6673 penalty, even on the Court's own motion, if they persist in maintaining proceedings in this Court primarily for delay.

To reflect the foregoing,

Decision will be entered

for respondent.